Argued and submitted July 10, affirmed November 9, 1981

STATE OF OREGON,
*Respondent,*
*v.*
DAVID GEORGE DUFF,
*Appellant.*

(80-9-343, CA A20244)

635 P2d 679

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and James E. Mountain, Jr., Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

PER CURIAM.

## PER CURIAM.

Defendant appeals the sentence imposed by the trial court after defendant's guilty plea to sodomy in the first degree, contending that the term of incarceration with a minimum of seven years constitutes cruel and unusual punishment, and that the trial court was without authority to impose restitution as a condition of defendant's future parole. We consider only the second contention.

The sentencing order insofar as relevant, reads:

"THE COURT RECOMMENDS, upon release on parole, a condition of parole be reimbursement to Clackamas County for extradition costs in the amount of $902.45."

Although it is true, as defendant contends, that the sentencing court does not have authority to set conditions of parole, ORS 144.270(2); *State v. Kipp,* 52 Or App 1011, 630 P2d 394 (1981), the court does have authority to make a non-binding recommendation to the Parole Board. That is all the sentencing order purports to do here and the recommendation is not appealable. *State v. O'Keefe,* 40 Or App 685, 596 P2d 987, *rev den* 288 Or 81 (1979).

Affirmed.