STATE OF OREGON,
*Respondent,*

*v.*

JOHN CLIFFORD GEORGE,
*Appellant.*

(CF 86-208; CA A43632)

752 P2d 1265

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

WARDEN, P. J.

---

* Joseph, C. J., *vice* Young, J., deceased.

## WARDEN, P. J.

Defendant pled guilty to charges of criminally negligent homicide, ORS 163.145, carrying a concealed weapon, ORS 166.250, and driving under the influence of intoxicants (DUII), ORS 813.010.[1] He was sentenced to imprisonment for a term of five years. He appeals,[2] assigning five errors, and we affirm.

■ Defendant's first two assignments are that the trial court erred in accepting his guilty plea and that he was denied effective assistance of counsel. Under ORS 138.050, we cannot consider those claims on direct appeal. *State v. Clevenger,* 297 Or 234, 683 P2d 1360 (1984); *State v. Bateman,* 48 Or App 357, 365, 616 P2d 1206 (1980).

■ In his third assignment, defendant contends that the trial court erred in considering two prior DUII convictions referred to in his presentence report when imposing sentence, because those convictions were uncounseled. The presentence report was apparently made available to defendant's attorney in accordance with ORS 137.079(1), and defendant did not move to correct the criminal history that it contained before he was sentenced. ORS 137.079(4). The error, if any, has not been preserved.

■ In his fourth assignment, defendant contends that the trial court erred in "ordering" that he make restitution to the victim's mother and the state as a condition of parole. A trial court has no authority to determine the conditions of parole, ORS 144.270(2), but it can make a non-binding recommendation to the Board of Parole. *State v. Duff,* 54 Or App 669, 635 P2d 679 (1981). The sentencing order from which defendant appeals does just that, and the recommendation is not appealable. *State v. Duff, supra.*[3]

---

[1] Three other charges were dismissed.

[2] Defendant prepared his own brief on appeal, and the Public Defender filed it for him.

[3] The state correctly points out that the trial court lacked jurisdiction to enter the amended judgment on June 22, 1987, in which it ordered restitution as a condition of parole, because defendant had filed his notice of appeal in March, 1987. *See Murray Well-Drilling v. Deisch,* 75 Or App 1, 9, 704 P2d 1159 (1985), *rev den* 300 Or 546 (1986). The amended judgment is therefore void.

Affirmed.[4]

---

[4] Defendant's fifth assignment lacks merit and requires no discussion.