Argued and submitted January 29, affirmed October 5, 1988

# STATE OF OREGON,
*Respondent,*

*v.*

# GERALD LEE BRYANT,
*Appellant.*

(C87-02-31137; CA A45225)

761 P2d 1361

Marsha Mussehl, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals from an amended judgment which modified his sentence for escape in the second degree from two and one-half to five years. Defendant contends that the trial court did not have authority to amend the judgment and that, in the absence of authority, the modification constitutes cruel and unusual punishment. ORS 138.050. We affirm.

■        On May 4, 1987, defendant appeared for sentencing on the escape conviction and for a probation violation hearing involving two previous convictions. The court imposed a five-year sentence on the escape conviction, revoked the earlier probation and imposed a two and one-half-year sentence to run consecutive to the five-year sentence.[1] However, the written judgment imposed only a two and one-half year sentence on the escape conviction. Before defendant had filed a notice of appeal, a hearing was held to resolve the discrepancy between the written order and the oral pronouncement. Defendant was present at the hearing and was represented by counsel. The court found that the discrepancy was the result of a "scrivener's error"[2] and directed that an amended judgment be entered imposing a five-year sentence on the escape conviction.

■        Defendant argues that the trial court did not have the authority to amend the original judgment, because the sentence had already been executed. As a general rule, a trial court's power to modify or vacate a valid judgment ends once the sentence has been executed. *State v. Nelson,* 246 Or 321, 324, 424 P2d 223 (1967). However, a court does have inherent power to correct clerical or "scrivener's errors" to "make the record speak the truth and conform it to what actually occurred." *Mullinax and Mullinax,* 292 Or 416, 424, 639 P2d 628 (1982), *citing Hubbard v. Hubbard,* 213 Or 482, 487, 324 P2d 469 (1958); *Daugharty v. Gladden,* 217 Or 567, 576, 578, 341 P2d 1069 (1959); *State v. Fiester,* 32 Or 254, 50 Pac 561 (1897).

Defendant contends that the sentence imposed orally by the trial court was "somewhat confusing" and, therefore,

---

[1] This appeal concerns only the sentence on the escape conviction.

[2] Defendant did not contest that finding.

the written judgment must control. The court's statement is sufficiently clear for us to determine the court's intent:

"I'm going to find that the defendant has violated terms of probation. I will revoke probation and impose a sentence of five years to the Corrections Division on the escape charge. I will impose a sentence of two and a half years that will run consecutively, and the time served is credit on the ex-con case."

In view of the trial court's unchallenged finding that the inconsistency in the written judgment was the result of clerical error, we hold that it could correct the scrivener's error by amending the judgment to conform to the record.

Affirmed.