Argued and submitted April 24, paragraph (2) of judgment vacated; otherwise affirmed
May 17, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## GARY WARREN JOHNSON,
*Appellant.*

(88-20829; CA A50398)

773 P2d 812

Hubert G. Duvall, Jr., Eugene, argued the cause and filed the brief for appellant.

Kate Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

■ The sole issue on appeal is the validity of a part of defendant's sentence for criminal mischief in the third degree, ORS 164.345, and disorderly conduct, ORS 166.025, following revocation of probation. In addition to sentencing him to a period of incarceration and imposing a fine, the trial court ordered: "(2) Defendant shall be rereferred to Lane County Mental Health for evaluation [and] treatment." Defendant argues, the state concedes, and we agree that that portion of the sentence is without statutory authority and, therefore, "exceeds the maximum sentence allowable by law." ORS 138.050.

■ The state urges us to affirm nonetheless and to treat the mental health referral "as the sentencing judge's non-binding recommendation that defendant submit to mental health treatment." We decline the invitation; there is no body to whom the "recommendation" can be made. *Cf. State v. George,* 90 Or App 496, 498, 752 P2d 1265 (1988) (trial court could make non-binding recommendation that Board of Parole order restitution as condition of parole).

Paragraph (2) of judgment vacated; otherwise affirmed.