## STATE OF OREGON,
*Respondent,*

*v.*

## PATRICK DAVID BLANEY,
*Appellant.*

(B67-672; CA A60903)

790 P2d 549

Henry Silberblatt, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Acting Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

## ROSSMAN, J.

Defendant appeals an order revoking suspended imposition of sentence and imposing sentence. We affirm, because the issue that he raises is beyond the scope of our review.

Defendant pled guilty to fraudulent use of a credit card. ORS 165.055. The maximum sentence that he could have received was one year imprisonment. ORS 161.615. In May, 1986, pursuant to *former* ORS 137.010,[1] the court suspended imposition of sentence for three years, subject to several conditions, but did not place defendant on probation. In December, 1986, the court changed one condition but continued the suspension. In May, 1989, the court issued a warrant for defendant's arrest, ordering him to show cause why the order suspending imposition of sentence should not be revoked. After a hearing, the court held that defendant had violated the terms of his suspension and imposed a sentence of six months' imprisonment.

Defendant contends that the trial court lacked authority to impose a sentence in 1989. He relies on *former* ORS 137.550(4), which provided:

"The court that imposed the probation, after summary hearing, may revoke the probation and suspension of sentence and cause the sentence imposed to be executed or, if no sentence has been imposed, impose any sentence which originally could have been imposed. Except for good cause shown, if the hearing is not conducted within 14 calendar days following the arrest or detention of the probationer, the probationer shall be released from custody. A defendant who has been previously confined in the county jail as a condition of probation pursuant to ORS 137.540 shall be given credit for all time thus served in any order or judgment of confinement resulting from revocation of probation. *In the case of any defendant whose sentence has been suspended but who is not on probation, the court may issue a warrant and cause the defendant to be arrested and brought before the court at any time within the maximum period for which the defendant might originally*

---

[1] *Former* ORS 137.010(2) provided, in part:

"When a person is convicted of an offense, if the court is of the opinion that it is in the best interests of the public as well as of the defendant, the court may suspend the imposition or execution of sentence for any period of not more than five years."

*have been sentenced.* Thereupon the court, after summary hearing, may revoke the suspension of sentence and cause the sentence imposed to be executed." (Emphasis supplied.)

He argues that, because he originally could have been sentenced to a maximum of only one year, the trial court's authority to revoke the suspension expired in 1987.

Because defendant pled guilty, our review of the order imposing sentence is limited to "the sentence and whether it is longer than specified for the crime or is unconstitutionally cruel and unusual." *State v. Bateman,* 95 Or App 456, 465, 771 P2d 314, *rev den* 308 Or 197 (1989); *former* ORS 138.050. The only *sentence* imposed on defendant was six months' imprisonment, and he does not contend that it exceeded the maximum allowable for his offense. Rather, he argues that the trial court lacked authority to revoke the suspension or to impose *any* sentence. That does not raise an issue within the scope of our review. *State v. Bateman, supra,* 95 Or App at 463.[2]

Affirmed.

---

[2] In *Bateman,* we considered the argument that, if a condition of probation is unlawful, revocation of probation for violation of that condition also is invalid and *any* sentence imposed will exceed the maximum allowable by law. We concluded that that construction of *former* ORS 138.050 was inappropriate, because "[a] sentence which is unlawfully arrived at for any reason exceeds not only the maximum, but also the minimum allowable by law." 95 Or App at 463. Therefore, the defendant's case was unreviewable. Defendant's argument in this case is similarly flawed, because his sentence exceeds the maximum allowable by law only if *any* sentence would be unlawful.