Argued and submitted August 29, affirmed December 12, 1990

## STATE OF OREGON,
### *Respondent,*
*v.*

## FRANK JOSEPH PETERS,
### *Appellant.*

(C89-01-30399, C89-01-30509, C89-01-30409, C89-01-30511;
CA A62574 (Control), A62575, A62828, A62829)
(Cases Consolidated)

801 P2d 904

Ronald H. Hoevet, Portland, argued the cause for appellant. With him on the brief was Hoevet, Snyder & Miller, P.C., Portland.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

Edmonds, J., specially concurring.

### WARREN, P. J.

Defendant pleaded guilty to nine crimes. On July 18, 1989, the trial court orally sentenced defendant to four concurrent indeterminate terms, not to exceed ten years. At the state's request, the court delayed entering a final judgment until after defendant had taken a polygraph examination. He was then transferred to Oregon State Penitentiary. Transport orders included his maximum term but no mention of a minimum term. The parties dispute whether the judge's oral pronouncement included a minimum term.

Defendant moved for clarification of the sentence. Because he still had not taken a polygraph examination, no final judgment had been entered. At a hearing on July 25, the court stated that two of defendant's terms included minimum terms of two and one-half years. Final judgments were then prepared and entered. Defendant appeals. He contends that the judge's oral pronouncement did not include a minimum term and that, once the sentence had been imposed and he began to serve it, the sentencing court illegally modified his sentence in the written judgment. We affirm.

In criminal matters, appellate review is derived from and limited by statute. *State v. Bateman,* 95 Or App 456, 461, 771 P2d 314, *rev den* 308 Or 197 (1989). Defendant pleaded guilty, so his appeal is governed by ORS 138.050. That statute limits our review to whether the sentence imposed either exceeds the maximum allowed by law or is unconstitutionally cruel and unusual. ORS 138.050(1); *State v. Blaney,* 101 Or App 273, 276, 790 P2d 549 (1990). Because defendant does not make either claim, we may not, on direct appeal, review his assertion of error.

Affirmed.

**EDMONDS, J.,** specially concurring.

The majority correctly says that defendant's appeal is governed by ORS 138.050, which provides that an appeal from a sentence on a plea of guilty or no contest shall only be on the grounds that the sentence exceeds the maximum allowable by law or is unconstitutionally cruel and unusual. However, the majority errs when it holds that defendant does not make a claim that his sentences exceed the maximum allowed by law.

Defendant argues:

"The trial court erred in modifying Defendant's original sentences, by imposing a minimum term of two-and-one-half years, after the original sentence without a minimum had been executed.

"[O]nce a sentence has been executed by commitment of the Defendant to jail or prison, the Court is without legal power to modify it.

"* * * * *

"T. e original sentences which the court imposed on July 18, 1989, had been executed when [defendant] was delivered to the Oregon State Penitentiary on July 19, 1989. The trial court was without power * * * to modify those sentences on July 25, 1989 when it imposed mandatory minimum terms of two and one-half years."

In *State v. Johnson,* 96 Or App 641, 773 P2d 812 (1989), we held that an unauthorized part of a sentence that referred the defendant to a mental health department for evaluation and treatment was a sentence that exceeded the maximum allowable by law under ORS 138.050. Likewise, defendant's claim that the trial court was not authorized to modify his sentences after they had been executed is a claim that the sentences exceeded the maximum allowable by law under ORS 138.050.[1]

On the merits, the court signed forms labeled "TEMPORARY TRANSPORT AND CLOSING ORDER[S]" on the day that defendant was orally sentenced. Those documents reflected the maximum sentences imposed, but made no mention of any minimum sentences. Pursuant to those documents, defendant was transported to Oregon State Penitentiary. One week later, defendant's motion for clarification of the sentences was heard by the court. No formal judgment

---

[1] In *State v. Blaney,* 101 Or App 273, 790 P2d 549 (1990), the defendant appealed an order revoking a suspended imposition of sentence and imposing sentence. He argued that the trial court lacked authority to enter the order, because the time had expired under former ORS 137.550(4), which required that he be brought before the court within the maximum period for which he might originally have been sentenced. On the basis of former ORS 138.050, we held that the order was not reviewable, because he did not contend that the sentence exceeded the maximum permitted by law; rather, he argued that the trial court lacked authority to impose *any* sentence. *See also State v. Bateman,* 95 Or App 456, 771 P2d 314, *rev den* 308 Or 197 (1989). In contrast, the sentences here are reviewable, because defendant challenges their length and argues that a portion of them is unauthorized. *See State v. Johnson, supra.*

had yet been entered. At the hearing, the issue was whether, at the time of sentencing, the court had intended by what it had pronounced to impose minimum sentences. After listening to the parties' arguments, the court said:

> "All right, let me make this crystal clear as to what I intended. I intended for [defendant] to serve a minimum sentence of two-and-one-half years.
>
> "* * * * *
>
> "What my sentence is, which is what I just said clarifying what I earlier said on the 18th of July.
>
> "* * * * *
>
> "I haven't signed any judgment. I have signed a preprinted form that floated around this courthouse for years giving directions to the Corrections people on when to pick this man up, what to do with him, but there is no formal judgment order in this case."

After the hearing, the court signed judgments imposing the minimum sentences.[2]

The state concedes that, once a sentence has been imposed and execution commenced, the sentencing court is without authority to modify the sentence. *State ex rel O'Leary v. Jacobs,* 295 Or 632, 669 P2d 1128 (1983); *see also* ORS 137.010(6). However, it argues that the court's action did not modify, but only clarified the sentences.

In *State v. Bryant,* 93 Or App 313, 315, 761 P2d 1361 (1988), we held that a court has authority to correct clerical or scrivener's errors after a sentence is executed to make the record speak the truth and to conform it to what actually occurred. *See also* ORS 138.083.[3] At the time of the sentencing, the court said:

> "So to do that, you need to spend a minimum of two-and-one-half years in the state penitentiary in the drug program and the sex offender program. * * * But what I want you to do is be in a program for two-and-a-half years minimum, and I

---

[2] The court signed two judgments on August 25, 1989, and signed the other two judgments on October 4, 1989, *nunc pro tunc* August 25, 1989.

[3] ORS 138.083, which became effective July 25, 1989, provides:

> "The sentencing court shall retain authority irrespective of any notice of appeal for 60 days after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors."

think I can do that by sentencing you to ten years on each of the drug charges concurrently, and maybe you'll stay in there two-and-a half years and come out a better person with your treatment program."

That is not a model of clarity. However, it is sufficiently clear for us to determine the court's intent. Even if the temporary orders are treated as judgments, in the light of the court's subsequent finding that they did not accurately reflect the intent of the sentence, the court had authority to correct the errors. Accordingly, I concur in the majority's result, but not in its reasoning.