Argued and submitted December 7, 1990, conviction affirmed; remanded for
resentencing January 9, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## HAROLD MITCHELL STOCKTON,
*Appellant.*

(10-89-01643; CA A64883)

803 P2d 1227

D. Olcott Thompson, Salem, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant was convicted under ORS 163.555 of criminal nonsupport of a child during a specific two-month period of nonpayment. He seeks a reduction in the amount of restitution from $5,180, representing 28 months of arrearages, ordered by the trial court, to $450, representing only two months. We remand for resentencing.

■ ■ The state concedes that the trial court exceeded its statutory authority in ordering restitution for more than the two months for which defendant was convicted, because defendant's criminal liability for the remaining 26 months of nonsupport arrearages was never established. The rule is clear: A trial court can order restitution only for monetary damages caused by criminal activity for which a defendant is either convicted or to which he admits. ORS 137.106(1); *see State v. Hampton,* 96 Or App 284, 285, 772 P2d 449 (1989); *State v. Armstrong,* 44 Or App 219, 222, 605 P2d 736, *rev den* 289 Or 45 (1980). However, the state suggests that the order can be salvaged if it is interpreted as a "special" condition of probation, authorized by ORS 137.540(2), by which defendant is simply required to comply with a preexisting civil support order.

Although a special condition that one pay support obligations would be reasonably related to the rehabilitation purpose of probation, we reject the state's characterization of this particular order. A trial court has discretion to impose special conditions of probation under ORS 137.540(2), but the court may not, in the exercise of that discretion, exceed a sentence defined by another statute. In the present case, the trial court not only exceeded a statutorily limited restitution order, but it also entered that order as a "money judgment" that expressly purported to fix the total arrearage due. That amount has neither been admitted by defendant, nor judicially determined. The court clearly exceeded its authority. Accordingly, the order imposing additional restitution must be vacated.

Conviction affirmed; remanded for resentencing.