Submitted on record and briefs October 1, 1990, conviction affirmed; sentence vacated; remanded for resentencing March 6, reconsideration denied June 26, petition for review denied July 23, 1991 (311 Or 643)

# STATE OF OREGON,
*Respondent,*

*v.*

# MARCUS A. MASSEY,
*Appellant.*

## (C88-10-36955; CA A62881)

806 P2d 193

Clint A. Lonergan and Richard L. Lonergan, Portland, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant was convicted of unauthorized use of a motor vehicle. ORS 164.135. The court imposed a sentence, suspended its execution, placed defendant on probation and, as a condition of probation, ordered him to pay restitution in an amount to be set. At the restitution hearing, the court ordered defendant to pay restitution of $2,682. He appeals the sentence and the restitution order and assigns error to the order of restitution and to the court's failure to give reasons for the sentence that it imposed. We vacate the sentence and remand for resentencing.

Defendant was stopped in Portland while driving a vehicle that had been reported stolen. Its owners had stopped in Portland while traveling from California to Washington. Defendant denied stealing the vehicle, but admitted that he knew that it was stolen and that he had been using it for approximately two weeks. At the restitution hearing, the court ordered him to pay $2,682 to cover the victims' costs of returning to California without the car, returning to Portland to recover the car, towing, storage, hotel and meals costs while they were stranded in Portland, approximately six days' lost wages and damage to the car.

■ ■ Defendant argues that the court erred in imposing restitution, because there was no evidence that defendant had taken the vehicle. A trial court may order restitution for pecuniary damages resulting from criminal activity for which a defendant is convicted or to which he admits. ORS 137.103(1); ORS 137.106(1); *State v. Stockton,* 105 Or App 162, 803 P2d 1227 (1991). At the time of his arrest, defendant admitted that he had been in possession of the vehicle for approximately two weeks, virtually the entire time that it was missing. The victims suffered pecuniary damages as a result of defendant's criminal activities—his continued illegal possession of the car. The court did not err in imposing restitution.

■ Defendant also challenges the amount of restitution, but defendant did not object to the amount at the hearing. He failed to preserve any error in this regard.

■ ■ Defendant also assigns error to the court's failure to state on the record its reasons for the sentence that it imposed. ORS 137.120(1) provides:

"Whenever any person is convicted of a felony committed prior to November 1, 1989, the court shall, unless it imposes other than a sentence to serve a term of imprisonment in the custody of the Department of Corrections, sentence such person to imprisonment for an indeterminate period of time, but stating and fixing in the judgment and sentence a maximum term for the crime, which shall not exceed the maximum term of imprisonment provided by law therefor; and judgment shall be given accordingly. Such a sentence shall be known as an indeterminate sentence. *The court shall state on the record the reasons for the sentence imposed.*" (Emphasis supplied.)

It is mandatory that the court state the reasons for a sentence. *State v. Biles,* 34 Or App 531, 579 P2d 259 (1978), *aff'd* 287 Or 63, 597 P2d 808 (1979). It failed to do so, even though the events all took place before November 1, 1989.

Conviction affirmed; sentence vacated; remanded for resentencing.