Argued and submitted March 29, affirmed May 15, reconsideration denied August 28, petition for review denied September 24, 1991 (312 Or 151)

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL THOMAS KING,
*Appellant.*

(C89-10-35945; CA A63979)

810 P2d 413

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Janet Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

Edmonds, J., dissenting.

## PER CURIAM

Defendant pled guilty to assault in the second degree. ORS 163.175. He was given a sentence of 10 years with a minimum term of four years. In addition, the court ordered him to pay $10,723.95 as restitution. Defendant challenges the restitution order, contending that the court did not consider his financial resources or ability to pay, as required by ORS 137.106.

We affirm without deciding whether the court complied with ORS 137.106. Because defendant pled guilty, his appeal is governed by ORS 138.050, which limits our review to whether the sentence imposed either exceeds the maximum allowed by statute or is unconstitutionally cruel and unusual. ORS 138.050(1); *State v. Peters,* 104 Or App 582, 801 P2d 904 (1990); *State v. Blaney,* 101 Or App 273, 276, 790 P2d 549 (1990). There is evidence to support the amount of restitution.

Because the restitution order neither exceeds the maximum that could have been ordered or is cruel and unusual, we may not, on direct appeal, review the assignment of error.

Affirmed.

**EDMONDS, J.,** dissenting.

I dissent, because the imposition of an order to pay restitution without consideration of defendant's ability to pay, as required by ORS 137.106, is a sentence that exceeds the maximum allowed by law. *See State v. Peters,* 104 Or App 582, 801 P2d 904 (1990) (Edmonds, J., specially concurring).