Argued and submitted June 20, convictions affirmed; minimum term in CA A63873 (burglary) vacated and case remanded for resentencing; portion of sentence relating to drug treatment program in CA A63874 (driving while suspended) vacated August 21, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## LUCKY SILAS GOLDING,
*Appellant.*

(C8807-33571, C8809-36580;
CA A63873 (Control), A63874)

815 P2d 1287

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Carol J. Fredrick, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Kaye E. Sunderland, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant was convicted in CA A63873 of burglary in the second degree. ORS 164.215. The trial court suspended imposition of sentence and placed him on probation. His probation was later revoked, and he was sentenced to five years. Execution of sentence was suspended, and defendant was again placed on probation. When probation was again revoked, the court ordered execution of the five-year sentence and imposed a two and a half year minimum term.

In a separate case, CA A63874, defendant pleaded guilty to misdemeanor driving while suspended. ORS 811.182. Imposition of sentence on that conviction was suspended, and he was placed on probation. When he violated the conditions of that probation, it was revoked, and he was sentenced to one year in prison and ordered to enter and complete a drug treatment program. The orders revoking probation and imposing sentence in both cases were signed by the same judge on the same date.

Defendant argues, and the state concedes, that the trial court did not have the authority to modify the previously imposed sentence on the burglary charge by adding a minimum term. *State v. Stevens,* 253 Or 563, 456 P2d 494 (1969); *State v. Bourrie,* 95 Or App 379, 380, 768 P2d 446 (1989). We accept the concession and vacate the minimum sentence in CA A63873.

■■ Defendant also challenges the order in CA A63874 that he enter and complete the drug treatment program. He argues, first, that the court lacked the authority to make such an order as part of his sentence for a misdemeanor. The state does not dispute that. It is apparent from the record that the trial court intended to order the drug treatment program as part of defendant's sentence on the burglary charge but inadvertently placed the order in the misdemeanor sentencing document. Because the mistake was a clerical error, the state urges us to remand for entry of judgments conforming to the court's actual intention. *See State v. Bryant,* 93 Or App 313, 315, 761 P2d 1361 (1988).

A remand for entry of a corrected judgment would serve no useful purpose, because, as the state also concedes, the trial court did not have the authority to *order* defendant

to enter and complete the drug treatment program on either charge. On resentencing on the burglary charge, the court may *recommend* that defendant be required to participate in the program during his prison term.

Convictions affirmed; minimum term in CA A63873 (burglary) vacated and case remanded for resentencing; portion of sentence relating to drug treatment program in CA A63874 (driving while suspended) vacated.