Argued and submitted May 15, 1991, taken in banc and resubmitted June 3,
conviction affirmed; order of restitution vacated; remanded for resentencing
June 10, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# STEVEN MARTIN ANDERSON,
*Appellant.*

## (P196211; CA A67101)

833 P2d 321

Garrett A. Richardson, Portland, argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

ROSSMAN, J.

Warren, J., dissenting.

**ROSSMAN, J.**

Defendant pled guilty to DUII. ORS 813.010. The trial court suspended imposition of sentence and placed him on probation. One of the conditions of probation requires him to pay $200 in restitution. Defendant objected on the ground that there was no evidence in the record to support that or any other figure. The trial court entered a sentencing order, including restitution of $200. We vacate the order of restitution and remand for resentencing.

■     Because defendant pled guilty, his appeal is governed by ORS 138.050 and 138.053, which limit our review to whether the disposition either exceeds the maximum allowable by law or is unconstitutionally cruel and unusual. Our scope of review was changed by Or Laws 1989, ch 849, §§ 3, 4 and 5. Under *former* ORS 138.040, because probation was *not* a "sentence," it was not subject to the limited review provisions of ORS 138.040 and ORS 138.050. *State v. Carmickle*, 307 Or 1, 7, 762 P2d 290 (1988); *State v. Donovan*, 307 Or 461, 770 P2d 581 (1989). In 1989, however, the legislature amended ORS 138.040 and ORS 138.050 so that the references to "sentence" were changed to "disposition." It also enacted ORS 138.053, which specifies which "dispositions" are appealable and subject to limited review, including those that place a defendant on probation. Under the 1989 amendment, the limit of ORS 138.050 is that, after a plea of guilty or no contest, a judgment suspending imposition of sentence and placing a defendant on probation is now reviewable *only* as to whether it exceeds the maximum disposition allowable by law or is cruel and unusual.

■     However, the fundamental question is: What is a disposition that "exceeds the maximum allowable by law?" In *State v. Bateman*, 95 Or App 456, 463, 771 P2d 314, *rev den* 308 Or 197 (1989), we construed ORS 138.050 as it then read and held that a "sentence" that exceeds the maximum allowable by law is one in which "the period of incarceration imposed is more than the period specified in the relevant statute." Under *Bateman*, a sentence exceeded the maximum allowable by law only if it exceeded the statutory term of imprisonment, but not if the sentence was unauthorized

because it was imposed in violation of other statutory requirements. *See also State v. Blaney,* 101 Or App 273, 790 P2d 549 (1990).

■ However, because the present version of ORS 138.050 limits review of "dispositions" — including those which grant or revoke probation — and does not use the term "sentence," we conclude that *Bateman's* interpretation of what "exceeds the maximum allowable by law" means is not now consistent with the amended statute. *Bateman's* reference to an excessive "period of incarceration" does not apply to dispositions imposing or revoking probation. We conclude that, given the statutory changes regarding the appeal and review of dispositions after guilty pleas, a disposition is legally defective and, therefore, exceeds the maximum allowable by law if it is not imposed consistently with the statutory requirements.[1]

After the 1989 amendments to ORS 138.050, we still followed *Bateman's* strict interpretation of the former statute regarding what exceeds the maximum allowable by law. In *State v. Peters,* 104 Or App 582, 801 P2d 904 (1990), the defendant challenged a sentence of imprisonment imposed after he pled guilty to nine crimes. He argued that the trial judge's oral pronouncement did not include a minimum sentence and that, once the sentence was imposed and he began to serve it, the court illegally modified the sentence in the written judgment to include a minimum term. We held that, whether or not the sentence was unauthorized, it did not exceed the maximum term of imprisonment that could be imposed. Therefore, we held that we could not review the defendant's assignment of error under the current ORS 138.050.

---

[1] We agree with the dissent's conclusion that, in changing the limited review provisions of ORS 138.050 to apply to "dispositions," instead of "sentences" only, the 1989 Legislature intended that judgments granting probation would be reviewable in the same manner that a sentence is reviewable. 113 Or App at 423. However, the dissent is incorrect in stating that, in amending ORS 138.050, "the legislature still did not touch the phrase 'maximum allowable by law.' " 113 Or App at 421. The legislature did, in fact, change the statute to excise the term "sentence" from the phrase "exceeds the maximum *sentence* allowable by law." (Emphasis supplied.) It did *not* keep the same language, and we, therefore, cannot give it the same meaning that we have given it in our past cases. The dissent also completely ignores ORS 138.053, which was created in 1989 to define all of the judgments that may constitute a "disposition" that may not "exceed the maximum allowable by law."

We continued to apply the *Bateman* reasoning in *State v. King*, 107 Or App 249, 810 P2d 413, *rev den* 312 Or 151 (1991) and *State v. Ross*, 108 Or App 560, 815 P2d 719 (1991). *King* and *Ross* followed *Peters* to hold that, whether or not the restitution orders involved were imposed illegally, they did not exceed the maximum amount that could have been ordered. Therefore, we held that we could not review them under the current ORS 138.050. Because we conclude that the reasoning in *Bateman* no longer applies under the amended statute, we now overrule *Peters, King* and *Ross*.

■ Defendant does not dispute that the trial court had authority under ORS 137.106 to impose restitution for DUII, but a trial court can order restitution only for monetary damages caused by a defendant's criminal activity that is either proven or to which he admits. ORS 137.103(1); *State v. Jones*, 113 Or App 425, 833 P2d 320 (1992); *State v. Stockton*, 105 Or App 162, 164, 803 P2d 1227 (1991). Defendant argues that the trial court erred in fixing the amount because, although he pled guilty, he did not admit to — and the state did not prove — any specific amount of restitution. The record reveals that the state failed to "investigate and present to the court, prior to or at the time of sentencing, evidence of the nature and amount of such damages." ORS 137.106(1). The burden was on the state to prove the amount of restitution, and it failed to do that.

ORS 137.106(3) provides:

"If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow the defendant to be heard on such issue."

Because the state failed to present evidence to establish the appropriate amount of restitution and because defendant objected to the sufficiency of the evidence but was not afforded a hearing, the restitution order exceeded the maximum allowable by law.

Conviction affirmed; order of restitution vacated; remanded for resentencing.

**WARREN, J.,** dissenting.

The majority not only holds that defendant can challenge his restitution on direct appeal despite his guilty

plea, but also goes on to overrule three of our recent cases: *State v. Ross*, 108 Or App 560, 815 P2d 719 (1991); *State v. King*, 107 Or App 249, 810 P2d 413, *rev den* 312 Or 151 (1991); *State v. Peters*, 104 Or App 582, 801 P2d 904 (1990). It does that because it assumes that *State v. Bateman*, 95 Or App 456, 771 P2d 314, *rev den* 308 Or 197 (1989), has been legislatively superseded by the 1989 amendments to ORS 138.050. I believe *Bateman, Peters, King* and *Ross* are all still good law. Accordingly, I dissent.

In my view, replacing the word · "sentence" with "disposition" hardly merits wholesale reconsideration of our scope of review. Even if that change is as significant as the majority suggests, the legislature still did not touch the phrase "maximum allowable by law." Because the legislature chose to keep that same language, I would continue to give it the same meaning that we have given it in our past cases. It means the statutory maximum. That is what we said it meant the last five times that we visited this question (*i.e.*, the four cases above plus *State v. Blaney*, 101 Or App 273, 790 P2d 549 (1990)). The legislature has met twice since *State v. Bateman, supra,* was decided, and it has had ample opportunity to change the statutory language that we interpreted in our holdings. Because it did not do so, I would again conclude that "maximum allowable by law" continues to mean the statutory maximum.

To reach its result, the majority must construe the meaning of the statute. To do that it must first decide that it is ambiguous and then consult the legislative history to resolve the ambiguity. *Satterfield v. Satterfield*, 292 Or 780, 782, 643 P2d 336 (1982). I believe that ORS 138.050 is plain on its face, so there is no need to construe its meaning. Still, even assuming that we need to construe the statute, and even assuming that the change from "sentence" to "disposition" somehow makes the phrase "maximum allowable by law" ambiguous, the majority reaches its result by ignoring the legislative history of the amendments. The purpose of those amendments that the majority uses to broaden our scope of review was in fact intended to *narrow* our review. Also, the legislative history shows that the legislature expressly rejected a set of amendments that would have broadened our scope of review.

In *State v. Carmickle*, 307 Or 1, 762 P2d 390 (1988), and *State v. Donovan*, 307 Or 461, 770 P2d 581 (1989), the Supreme Court held that defendants could refuse a probation term and demand to be incarcerated. In response to those cases, the Oregon District Attorneys' Association requested a bill amending ORS 137.010 to prevent defendants from refusing probation. That bill became House Bill 2470,[1] which was passed by the House and sent to the Senate, where it was assigned to the Senate Judiciary Committee. The State Court Administrator then suggested the amendments to ORS 138.040 and ORS 138.050 that the majority relies on.[2]

The State Court Administrator testified before the Judiciary Committee that one of the problems created by *Donovan* was how to handle appeals from probation. The Supreme Court held that, because probation is not a sentence and ORS 138.040 and ORS 138.050 govern appellate review of *sentences*, appeals from probation were not subject to the limitations in those statutes. Instead of dealing with the question of whether or not probation is a sentence, the Judicial Department and Attorney General's office requested that "sentence" be changed to "disposition" in both sections

---

[1] That bill provided, in part:

"**Section 1.**   ORS 137.010 is amended to read:

"* * * * *

"(4) If the court announces that it intends to suspend imposition of execution of sentence, the defendant may, at that time, object and request imposition of sentence. In no case, however, does the defendant have a right to refuse the court's order, and the court may suspend imposition or execution of sentence despite the defendant's objection or request. If the court further announces that it intends to place the defendant on probation, the defendant may, at that time, object and request that probation or its conditions not be imposed or that different conditions be imposed. In no case, however, does the defendant have the right to refuse probation or any of the conditions of probation, and the court may place the defendant on probation subject to conditions despite the defendant's objection or request."

[2] Specifically, those amendments provided, in part:

"**Section 5.**   ORS 138.050 is amended to read:

"**(1)** A defendant who has pleaded guilty or no contest may **only** take an appeal from a judgment [*on conviction*] **or order described in section 3 of this 1989 Act** where [*it imposes a sentence that*] **the disposition:**

"**(a)** Exceeds the maximum [*sentence*] allowable by law; or

"**(b)** Is unconstitutionally cruel and unusual."

(Matter in bold face is new material; matter in italics and bracketed was existing law that was omitted.)

so that judgments of probation would be reviewable in the same manner that a sentence is reviewable. Tape recording, Senate Judiciary Committee, May 24, 1989, tape 195, side A at 283-322. Senator Springer expressed concern that the change would broaden the appellate courts' scope of review. The State Court Administrator stressed that the amendment would not change the appellate courts' scope of review; it would only make probationary depositions reviewable in the same manner as any other criminal conviction. Senator Cohen, the Committee chair, also noted that the purpose of the amendments would be to *narrow*, rather than expand, the court's scope of review. Tape recording, Senate Judiciary Committee, May 24, 1989, tape 195, side A at 384.

The Senate Judiciary Committee also rejected amendments that may have been intended to address our holding in *State v. Bateman, supra.* The American Civil Liberties Union (ACLU) wanted to delete the phrase "cruel and unusual" from ORS 138.050(1)(b), thereby allowing defendants to challenge on direct appeal a sentence that was unconstitutional on any ground. Its concern lay in the fact that, if defendants could no longer refuse probation, they could not be considered to have "consented" to what arguably might be unconstitutional conditions of probation. Senator Shoemaker requested examples of probation conditions that would be reviewable under the amendment. Springer then specifically mentioned *State v. Bateman, supra,* and the fact that the court had not reached the merits of the case.[3] The ACLU witness agreed and testified, "We believe that if that consent is taken away, courts will impose such unconstitutional conditions, and that it is very important those conditions be reviewable *at the earliest possible time.*" Tape recording, Senate Judiciary Committee, May 24, 1989, tape 196, side A at 81. (Emphasis supplied.) In other words, probation conditions could be reviewed on direct appeal, even after a guilty plea.

---

[3] Springer also gave some examples of probation conditions that could be unconstitutional without being cruel and unusual punishment: A court could order someone who had been convicted of passing bad checks to have a notice to that effect printed on his checks or even forbid him to have a checking account; if a defendant is convicted of credit card fraud, a court could impose as a condition of probation that he is forbidden from having any credit cards.

Those amendments were discussed again at a hearing on May 30. A committee staff attorney testified that, under the ACLU's suggested amendment, a defendant could raise on direct appeal questions of proportionality, due process and equal protection, as opposed to direct review solely on the basis that the disposition was cruel and unusual. Springer mentioned the need to allow defendants to challenge on direct review probationary conditions that were not cruel and unusual but might otherwise be unconstitutional and again mentioned the *Bateman* case. Shoemaker questioned the need for the change, expressing his view that the legislature did not need to confer jurisdiction on the courts to review unconstitutional sentences. He went on to add that the amendments addressed both the appropriateness of appellate review and the scope of that review. He urged that the Committee reject the ACLU amendments and that direct appellate review under ORS 138.050 should include only claims of cruel and unusual punishment. He concluded that there were other vehicles to challenge other constitutional problems with statutes or sentences.[4] At that point, Springer moved to adopt the ACLU's amendment, and that motion was defeated. HB 2470, as amended, went on to be approved by the Senate, and the House concurred in the amendments.

In conclusion, the legislative history shows that the intention of the legislature was to narrow our scope of review—not broaden it, as the majority suggests—and that the legislature expressly rejected an opportunity to overturn our holding in *State v. Bateman, supra*. Therefore, *Bateman*, as well as *Ross, King* and *Peters* are all still good law. I would hold that defendant's guilty plea precludes him from challenging the restitution order on direct appeal.

I dissent.

Joseph, C. J., and Richardson, J., join in this dissent.

---

[4] Shoemaker is correct. If a defendant wishes to challenge his sentence after a plea of guilty, there is nothing to prevent him from doing so. He can either bring a challenge under one of the grounds under ORS 183.222, or file a petition for post-conviction relief. However, on direct appeal, he can only challenge his sentence if it exceeds the maximum allowable by law or otherwise is cruel and unusual.