Argued and submitted May 24, 1991, taken in banc and resubmitted June 3, conviction affirmed; order of restitution vacated; remanded for resentencing June 10, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL ANTHONY JONES,
*Appellant.*

(C88-09-36256; CA A64471)

833 P2d 320

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

ROSSMAN, J.

Warren, J., dissenting.

## ROSSMAN, J.

Defendant entered a plea of no contest to a charge of failing to perform the duties of a driver to injured persons. ORS 811.705. He also pled guilty to DUII. ORS 813.010. The trial court suspended imposition of sentence on both crimes and placed defendant on probation for five years. Defendant objected to a condition of probation on the DUII conviction that he pay restitution of $3,750. However, the court imposed restitution in that amount, and defendant appeals. Because defendant pled guilty, his appeal is governed by ORS 138.050 and 138.053, which limit our review to whether the judgment exceeds the maximum allowable by law or is unconstitutionally cruel and unusual. *State v. Anderson*, 113 Or App 416, 418, 833 P2d 321 (1992). We remand for resentencing.

A trial court can order restitution only for monetary damages caused by a defendant's criminal activity that is either proven or which the defendant admits. ORS 137.103(1); *State v. Stockton*, 105 Or App 162, 164, 803 P2d 1227 (1991). Defendant argues that the trial court erred in imposing restitution because, although he pled guilty to DUII, the state failed to prove that that criminal activity was the cause of the injuries suffered by the victim. ORS 137.106(1).[1] We agree. At trial, although the state asserted that defendant's "obvious drunkenness was the reason that the accident occurred," it was "not prepared to prove restitution today." On appeal, the state attempts to argue that it *did* prove the basis for restitution simply by proving that the accident occurred while defendant was, by his own admission, driving while intoxicated. Because that fact—standing alone—is insufficient to prove what caused the damages, it does not support the imposition of restitution in any amount, and the restitution order exceeded the maximum allowable by law.

---

[1] ORS 137.106(1) provides:

"When a person is convicted of criminal activities which have resulted in pecuniary damages, unless the presentence investigation report contains such a presentation, the district attorney shall investigate and present to the court, prior to or at the time of sentencing, evidence of the nature and amount of such damages. In addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim."

Conviction affirmed; order of restitution vacated; remanded for resentencing.

**WARREN, J.,** dissenting.

I dissent for the reasons stated in my dissent in *State v. Anderson*, 113 Or App 416, 833 P2d 321 (1992).

Joseph, C. J., and Richardson, J., join in this dissent.