On appellant's petition for reconsideration filed January 24, reconsideration allowed; decision (110 Or App 373, 822 P2d 762 (1991)) adhered to July 8, 1992

## DAVID JOSEPH SCHANTZ,
*Appellant,*

*v.*

## Manfred MAASS,
*Respondent.*

## (90C-10800; CA A67488)
834 P2d 508

Sally L. Avera, Public Defender, Salem, for petition.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Petitioner has petitioned for review of our decision that affirmed the trial court's denial of relief that he requested under the Post-Conviction Hearing Act. 110 Or App 373, 822 P2d 762 (1991). ORS 138.510 - ORS 138.680. We treat the petition as one for reconsideration, ORAP 9.15(1), and allow it.

Petitioner was convicted on two counts of robbery in the first degree, ORS 164.415, in a stipulated facts trial. He was sentenced to consecutive terms on each count and was ordered to pay restitution. He did not appeal; instead, he sought post-conviction relief. In his petition, he alleges that the trial court erred when it imposed restitution and a consecutive sentence without making the required statutory findings. ORS 137.106(2); ORS 137.123(4)(a),(b).

Petitioner argues:

"Following conviction the trial court imposed a lengthy prison term and restitution as a condition of parole. It made no findings concerning petitioner's ability to pay. * * * Because the sentencing court lacked authority to determine conditions of parole and failed to comply with ORS 137.106 its judgment was erroneous. Based upon the decision in *State v. King*, 107 Or App 249, 810 P2d 413, *rev den* [312 Or 151] (1991) direct appeal is no longer available to challenge imposition of restitution when the conviction is based upon a plea of guilty or no contest. Absent relief through the post-conviction process petitioner and others similarly situated have no effective means by to which compel that they be sentenced in accordance with the law."

*State v. King*, has been overruled by *State v. Anderson*, 113 Or App 416, 833 P2d 321 (1992). However, neither it nor *Anderson* is applicable to this case. In *Anderson*, we held that, under ORS 138.050, an order for restitution is reviewable as a sentence that exceeded "the maximum allowable by law," even though the defendant had pled guilty. Because defendant was convicted in a stipulated facts trial, instead of after a plea of guilty or no contest, ORS 138.050(1) is inapplicable. Petitioner's sentence was reviewable on direct appeal under ORS 138.040 and ORS 138.053. His failure to appeal his conviction bars him from post-conviction relief. ORS 138.540(1); *Hunter v. Maass*, 106 Or App 438, 441, 808 P2d 723, *rev den* 312 Or 80 (1991).

Reconsideration allowed; decision adhered to.