9 F.3d 1556
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregg Al WALDER, Petitioner-Appellant,
v.
STATE OF OREGON; C.W. Smith, Sheriff, Jackson County,
Respondents-Appellees.
 No. 93-35400.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 26, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregg Al Walder appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Walder raised four grounds for relief in his petition: (1) his waiver of counsel was not knowing, intelligent, and voluntary, (2) the trial court failed to inform him of the procedures to perfect his direct appeal, (3) he was denied the opportunity to review his presentence report, and (4) the trial court imposed a sentence that is in "excess of that provided for under Oregon law." The district court found that Walder had procedurally defaulted his state remedies and that Walder did not show cause and prejudice for the default. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253. We review de novo a district court's decision on a petition for writ of habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). We affirm.
 
 
 3
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas relief. 28 U.S.C. § 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). When a state allows review of constitutional violations either on direct appeal or by collateral attack, a prisoner need exhaust only one avenue before seeking federal habeas relief. Turner v. Compoy, 827 F.2d 526, 528 (9th Cir.1987), cert. denied, 489 U.S. 1059 (1989). However, if a state "mandate[s] a particular procedure to be used to the exclusion of other avenues of seeking relief" the correct avenue must be fully exhausted. Id. When a habeas petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Tacho v. Martinez, 862 F.2d 1376, 1378, 1380 (9th Cir.1988).
 
 
 4
 "In Oregon, most trial errors must be raised by direct appeal to the Oregon Court of Appeals." Kellotat v. Cupp, 719 F.2d 1027, 1030 (9th Cir.1983). Generally, if a defendant fails to file a direct appeal, Oregon law prohibits the defendant from raising any issue in a post-conviction petition that could have been raised on direct appeal. See Schantz v. Maass, 834 P.2d 508, 508 (Or.App.1992). However, alleged violations of a defendant's rights that occur after trial, or that require an evidentiary hearing for their determination may be brought in a petition for post-conviction review. Id.
 
 
 5
 Walder's claims that he was denied counsel and was improperly sentenced are allegations of trial errors that should have been pursued on direct appeal to the Oregon Court of Appeals. See Kellotat, 719 F.2d at 1030. Walder did not appeal his conviction or sentence and is now barred from pursuing a direct appeal or seeking relief on these claims in a post-conviction petition. See Or.Rev.Stat. § 138.071; Schantz, 834 P.2d at 508. Therefore, Walder has procedurally defaulted these claims. See Tacho, 862 F.2d at 1378.
 
 
 6
 Walder attempts to show cause for his procedural default by arguing that the trial court did not "advise [Walder] of procedures to protect [his] right" to appeal. However, the record indicates that Walder was made aware of his right to appeal: Walder filed a petition for post-conviction relief. Walder's decision to pursue his petition for post-conviction relief rather than a direct appeal does not constitute cause for his procedural default.
 
 
 7
 Walder properly brought his claims that the court failed to inform him of the procedures to perfect his direct appeal and that he was denied the opportunity to review his presentence report in his petition for post-conviction review. See Kellotat, 719 F.2d at 1030. However, because Walder did not seek review of the denial of his post-conviction petition to the Oregon Court of Appeals or the Oregon Supreme Court, he has procedurally defaulted on these claims. See Tacho, 862 F.2d at 1378. Walder attempts to show cause by alleging ignorance of law. However, "[w]hen a pro se petitioner is able to apply for post-conviction relief to a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state supreme court." Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986). Therefore, Walder has not shown cause for failing to present these claims to the Oregon Supreme Court. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3