Argued and submitted April 28, affirmed December 22, 1993, reconsideration denied February 9, petition for review denied February 22, 1994 (318 Or 381)

OLIVER NELSON BENNETT,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

(CA A74645)

865 P2d 489

Lawrence J. Hall, Deputy Public Defender, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender.

Harrison Latto, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision setting his parole release date at 150 months, after the Board upheld two minimum sentences and overrode one. Petitioner argues that the Board failed to assess correctly his matrix range before deciding whether or not to uphold the minimum sentences. *See Calderon-Pacheco v. Board of Parole*, 309 Or 454, 788 P2d 1001 (1991); *Howard v. Board of Parole*, 105 Or App 288, 804 P2d 509, *rev den* 311 Or 432 (1991). We affirm.

Petitioner contends that the Board should have allowed two additional points on his history/risk score, because there was insufficient evidence in the record to support the Board's finding that he was a "fugitive from justice" when he committed the crimes for which he was convicted. However, petitioner's presentence report contained the statement that petitioner was a "fugitive from justice" at that time, and the Board adopted that finding. Although petitioner now argues that the presentence investigation report (PSI) statement was made without any corroborative information, he did not challenge the alleged error at sentencing under ORS 137.079(4),[1] which provides a mechanism for correcting errors in the presentence report. Having failed to avail himself of the opportunity to correct the alleged error, petitioner has not preserved the argument here. *See State v. George*, 90 Or App 496, 752 P2d 1265 (1988).

The Board is specifically directed by ORS 144.120(3) to consider the PSI in making the initial parole decision. The Board did not err in relying on it, and the Board's finding is supported by substantial evidence.

---

[1] ORS 137.079(4) provides:

"A defendant who is being sentenced for felonies committed prior to November 1, 1989, may file a written motion to correct the criminal history contained in the presentence report prior to the date of sentencing. At sentencing, the court shall consider defendant's motion to correct the presentence report and shall correct any factual errors in the criminal history contained in that report. An order allowing or denying a motion made pursuant to this subsection shall not be reviewable on appeal. If corrections are made by the court, only corrected copies of the report shall be provided to individuals or agencies pursuant to ORS 137.077."

Petitioner's remaining assignment of error does not require discussion.

Affirmed.