Argued and submitted August 13, 2008, remanded for resentencing; otherwise affirmed March 4, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT GEORGE PEMBERTON,
*Defendant-Appellant.*

Tillamook County Circuit Court
061000; A134067

203 P3d 326

Patrick M. Ebbett argued the cause for appellant. With him on the brief was Chilton, Ebbett & Galli, LLC.

Jeremy Rice, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Stacie F. Beckerman, Assistant Attorney General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

Wollheim, J., dissenting.

**EDMONDS, P. J.**

Defendant appeals a judgment of conviction on two counts of assault in the third degree under ORS 163.165.[1] That statute provides that a person commits the crime of assault in the third degree if the person

"(1)(i)  Knowing the other person is a staff member [at a correctional facility], intentionally or knowingly propels any dangerous substance at the staff member while the staff member is acting in the course of official duty or as a result of the staff member's official duties[.]"

On appeal, defendant assigns error to the imposition of 13-month concurrent sentences on each count. Defendant argues that the sentences are based on the trial court's mistaken premise that it was required to impose sentences that exceeded 12 months. We remand for resentencing.

■   Defendant was arrested and incarcerated in Tillamook County Jail on a number of offenses. While there, he twice spit on a deputy sheriff who had entered defendant's cell. As a result, defendant was charged and convicted under ORS 163.165 after a trial to the court. ORS 163.165(2) provides, in part:

"When a person is convicted of violating subsection (1)(i) of this section, in addition to any other sentence it may impose, the court shall impose a term of incarceration in a state correctional facility."

ORS 137.124 provides, in part:

"(1)  If the court imposes a sentence upon conviction of a felony that includes a term of incarceration that exceeds 12 months:

"(a)  The court * * * shall commit the defendant to the legal and physical custody of the Department of Corrections[.]

"* * * * *

---

[1] In addition to the above convictions, defendant was convicted of resisting arrest, ORS 162.315, disorderly conduct, ORS 166.025, and criminal mischief in the third degree, ORS 164.345. The trial court imposed terms of incarceration of 10 to 120 days, concurrent to the sentences for assault in the third degree, for each of those convictions. Defendant does not assign error to those convictions, and it appears that defendant has served the sentences imposed for those convictions.

"(2)(a) If the court imposes a sentence upon conviction of a felony that includes a term of incarceration that is 12 months or less, the court shall commit the defendant to the legal and physical custody of the supervisory authority of the county in which the crime of conviction occurred."

At sentencing, the trial court ruled that, when read together, ORS 163.165(2) and ORS 137.124 required it to impose a sentence to the Department of Corrections and that in order for the court to sentence defendant to the custody of the department, it was required to impose a sentence of more than 12 months. As a result, the court imposed 13-month sentences on each conviction. Insofar as we can discern from the record, the court and the parties were unaware of the provisions of OAR 213-008-0005(5) at the time of sentencing. That rule is part of the Oregon Sentencing Guidelines, has been approved by the legislature, and therefore has the force of statutory law. Or Laws 2003, ch 453, § 2; *see State v. Langdon*, 330 Or 72, 999 P2d 1127 (2000) (concluding that sentencing guidelines approved by the legislature had the authority of statutory law). The rule provides that "terms of incarceration 12 months or less imposed pursuant to ORS 163.165(2) shall be served in the legal and physical custody of the Department [of Corrections]."

■ As applied to this case, ORS 163.165(2) and OAR 213-008-0005(5) are the more specific statutes, and, therefore, to the extent that they are inconsistent with ORS 137.124, the legislature's specific intent with regard to ORS 163.165(2) and OAR 213-008-0005(5) control. ORS 174.020(2). Under ORS 163.165(2), the court must impose a term of incarceration in a "state correctional facility." Under OAR 213-008-0005(1), a court is authorized to impose a departure sentence of up to 18 months for persons classified in grid blocks 6-F through 6-I and 7-F through 7-I, but could impose a sentence to the Department of Corrections of less than 12 months. At the time of sentencing, defendant was classified in grid block 6-I. Consequently, the trial court erred when it sentenced defendant to 13 months based on the mistaken belief that it was required to impose a sentence that exceeded 12 months. Rather, the law authorized it to impose a sentence of less than 12 months and still sentence defendant to the custody of the Department of Corrections.

We conclude, therefore, that defendant is entitled to be resentenced based on a correct understanding of the governing law.

The dissent disagrees. In its view, the sentence is not unlawful because the trial court had authority to impose a sentence that did not exceed 18 months. But defendant's claim of error is not that the imposition of the 13-month sentences exceeded the court's sentencing authority. Rather, defendant's argument is that the court exercised its discretionary sentencing authority based on an erroneous premise of law. *See State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987) (explaining that, in some circumstances, a trial court can err if it "fails to exercise discretion, refuses to exercise discretion[,] or fails to make a record which reflects an exercise of discretion"). We agree with defendant's argument; had the court properly recognized the boundaries of its sentencing authority, it could have elected to impose a sentence to the Department of Corrections of less than 13 months. As the state concedes, a lesser sentence potentially affects the time that defendant must be on post-prison supervision, and, on this record, we do not know what sentence the trial court would have imposed had it been aware of OAR 213-008-0005(5).

Remanded for resentencing; otherwise affirmed.

**WOLLHEIM, J.,** dissenting.

The Court of Appeals is an error-correcting court. The trial court did not err in sentencing defendant to two concurrent 13-month terms of incarceration in a state correctional facility. Under ORS 163.165(2), the sentence was proper. Neither defendant nor the state cited OAR 213-008-0005(5) to the trial court or to this court. Nonetheless, the sentence to two concurrent 13-month terms of incarceration in a state correctional facility was proper under OAR 213-008-0005(5). Yet, the majority concludes that defendant's sentence is erroneous and remands the case for resentencing. Because I conclude that the trial court did not err, I respectfully dissent.

The issue in this case is whether, under ORS 163.165(2), the trial court's imposition of a term of incarceration that exceeds 12 months was proper. ORS 163.165(2)

directs a sentencing court to impose, upon conviction of a defendant under ORS 163.165(1)(i), "a term of incarceration in a state correction facility." As both parties agree, confinement in a *state* correction facility requires a commitment to the custody of the Department of Corrections.

ORS 137.124(2)(a) provides a mandate that a sentencing court must commit a defendant to a *county* facility when it imposes a term of incarceration that is 12 months or less. Conversely, under ORS 137.124(1), a sentencing court must commit a defendant to the Department of Corrections if it imposes a term of incarceration that exceeds 12 months.

At trial, defendant argued that ORS 163.165(2) did not require the imposition of a sentence of any particular length of time. On appeal, defendant renews that same argument, relying on the lack of an express mandatory minimum sentence in ORS 163.165(2) and citing some of the legislative history regarding that statute. Defendant did not raise OAR 213-008-0005(5) at trial and does not raise it on appeal.

But the majority, in reversing the trial court, relies on OAR 213-008-0005(5), which provides an exception to the general provision provided by ORS 137.124. OAR 213-008-0005(5) provides that "terms of incarceration 12 months or less imposed pursuant to ORS 163.165(2) shall be served in the legal and physical custody of the Department [of Corrections]." OAR 213-008-0005(4) provides that sentences of greater than 12 months shall be served in the legal and physical custody of the Department of Corrections. Thus, regardless of the length of sentence, defendant would serve his term of incarceration in the legal and physical custody of the Department of Corrections.

OAR 213-008-0005(1)(c) authorizes a sentencing court to impose a departure sentence of up to 18 months for a defendant classified in grid blocks 5-F, 6-F through 6-I, and 7-F through 7-I. Defendant was classified in grid block 6-I. The trial court imposed a 13-month departure sentence pursuant to ORS 163.165(2). Because the trial court had statutory authority and administrative authority under the rules

of the Oregon Criminal Justice Commission to impose that 13-month sentence, the trial court did not err.[2]

Typically, this court considers the issues as framed by the parties' arguments. Because we are an error-correcting court, we do not make arguments for the parties that they should have made but did not make. In reversing the trial court based on an administrative rule that was not cited to either the trial court or this court, we run afoul of our normal practice. Here, the trial court did not err in sentencing defendant to two concurrent 13-month terms of incarceration. Because the trial court did not err, there is no error for us to correct.

For the above reasons, I respectfully dissent.

---

[2] The fact that the trial court could impose a shorter or longer term of incarceration does not mean that the trial court erred in imposing the term of incarceration actually imposed.