Argued and submitted October 24, affirmed December 5, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TIMOTHY GEORGE ESHAIA,
*Defendant-Appellant.*

Washington County Circuit Court
D111149M; A148309

291 P3d 805

Kenneth A. Kreuscher argued the cause for appellant. With him on the brief was Portland Law Collective, LLP.

Timothy A. Sylwester, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Brewer, Judge, and Sercombe, Judge.

ORTEGA, P. J.

### ORTEGA, P. J.

Defendant was convicted of one count of menacing, ORS 163.190, based on his plea of guilty. His sole contention on appeal is that the trial court erred in imposing $400 in attorney fees without a sufficient basis to conclude that he "is or may be able to pay" those fees, as required by ORS 151.505 and ORS 161.665. We conclude that there was a sufficient basis for the court to impose the fees and, accordingly, affirm.

The relevant facts are few and undisputed. Defendant entered a written plea petition and pleaded guilty to the single charged count of menacing. At the plea and sentencing hearing, the following colloquy regarding the imposition of attorney fees ensued:

"[DEFENSE COUNSEL]: [R]egarding fees, * * * I don't believe [defendant] works. He doesn't work. He hasn't worked for a while, so he is unable to pay court-appointed attorney's fees. We ask that the Court not impose them under ORS 151.505(4). Legally the Court can't impose[] attorney's fees if he's unable to pay.

"[THE COURT]: And is he on any kind of disability or anything?

"[DEFENDANT]: Both SSI and SSD. I had trauma of the brain.

"[THE COURT]: Is he getting SSI?

"[DEFENDANT]: Yes.

"[DEFENSE COUNSEL]: I don't think so.

"[THE COURT]: Well, we're going to make these pay per [probation officer] to start with. We'll let you have a conversation with the [probation officer] and see how much you can afford, if not."

The court then suspended imposition of the sentence, placed defendant on two years' supervised probation subject to general and special conditions of probation, and ordered defendant to pay "a $67 unitary assessment, a $500 * * * Chapter 163 assessment, attorney fees of $400, * * * and a $35 surcharge." With regard to the payments, the court stated that they "will be paid per [probation officer], but

paid off within 90 days of probation expiring." Defendant did not object to the order as imposed.

On appeal, defendant contends that the trial court erred in imposing the attorney fees portion of that sentence. He argues, although the record indicates that he was receiving disability income, that the trial court made no inquiry regarding the nature of the burden that payment of $400 in attorney fees would impose on him and that, in the face of defense counsel's statement that defendant was unemployed and unable to pay, the imposition of fees was erroneous.[1]

The state initially asserts that defendant's claim is not reviewable on appeal, citing ORS 138.050, which provides that a defendant who pleads guilty "may take an appeal from a judgment *** only *** [if he] makes a colorable showing that the disposition" either "[e]xceeds the maximum allowable by law" or "[i]s unconstitutionally cruel and unusual." We conclude that defendant's claim is reviewable; it is a claim that the trial court's imposition of attorney fees exceeded the maximum allowed by law because the court lacked authority to impose the fees absent sufficient evidence that defendant "is or may be able" to pay them. *See State v. Pendergrapht*, 251 Or App 630, 631-32 n 2, 284 P3d 573 (2012) (so noting). We conclude, however, that, in light of the court's inquiry about whether defendant "may be able" to pay attorney fees, evidence that defendant was receiving disability income is sufficient to support the imposition of fees. Accordingly, we affirm.

We begin with the text of ORS 151.505 and ORS 161.665, which govern a court's authority to order a defendant to pay attorney fees. ORS 151.505 provides, in relevant part:

"(1)   At the conclusion of a case or matter in which the first accusatory instrument or petition in the trial court

---

[1] Defendant also argues that the court, in stating that the payments would be "paid per [probation officer]," impermissibly delegated its duty to impose attorney fees to the probation officer. As indicated above, although defendant argued below that he had not been working and had no ability to pay the fees, after the court stated that the payments "will be paid per [probation officer]," defendant made no objection to the order as imposed. Accordingly, that argument is not preserved, and we do not address it further. ORAP 5.45(2).

was filed after January 1, 1998, and in which the court appointed counsel to represent a person, a trial, appellate or post-conviction court may include in its judgment a money award requiring that the person repay in full or in part the administrative costs of determining the eligibility of the person for appointed counsel, and the costs of the legal and other services that are related to the provision of appointed counsel, that have not previously been required to be paid under a limited judgment entered under ORS 151.487. An award under this section is a monetary obligation payable to the state.

"(2)   Costs that may be included in a money award under this section include a reasonable attorney fee for counsel appointed to represent the person and a reasonable amount for expenses authorized under ORS 135.055. * * *

"(3)   The court may not require a person to pay costs under this section unless the person *is or may be able to pay* the costs. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the person and the nature of the burden that payment of costs will impose."

(Emphases added.) ORS 161.665 provides, in relevant part:

"(1)   Except as provided in ORS 151.505, the court, only in the case of a defendant for whom it enters a judgment of conviction, may include in its sentence thereunder a money award for all costs specially incurred by the state in prosecuting the defendant. Costs include a reasonable attorney fee for counsel appointed pursuant to ORS 135.045 or 135.050 and a reasonable amount for fees and expenses incurred pursuant to preauthorization under ORS 135.055. A reasonable attorney fee is presumed to be a reasonable number of hours at the hourly rate authorized by the Public Defense Services Commission under ORS 151.216. * * *

"* * * * *

"(4)   The court may not sentence a defendant to pay costs under this section unless the defendant *is or may be able to pay* them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."

(Emphasis added.) Both statutes provide that a court may not impose attorney fees on a defendant unless the defendant "is or *may be able*" to pay them. A court's determination of that issue must be supported by the record. *State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009).

Most recently, in *Pendergrapht*, we held that a court cannot impose attorney fees based on a record that is silent regarding the defendant's ability to pay those fees. 251 Or App at 634-35. There, the defendant pleaded guilty to the charged crimes and the court, among other conditions, required him to pay $400 in attorney fees. At the plea and sentencing hearing, the defendant's attorney asked the court not to impose attorney fees, stating:

> "And regarding fees, [defendant] doesn't have—he doesn't have any money. He's unable to pay, he doesn't work. He's unable to pay court-appointed attorney's fees. We'd ask that the court not impose them under ORS 151.505(4) because he is unable to pay."

*Id.* at 631 (internal quotations marks omitted; brackets in original). The court did not address the defendant's ability to pay. It sentenced the defendant to 60 days in jail and ordered him to pay "a $67 unitary assessment, $400 attorney fees, [and a] $35 surcharge." *Id.* (internal quotations marks omitted; brackets in original). The defendant appealed, and we held that the trial court erred in imposing attorney fees, explaining that "the record * * * [said] *nothing* about [the] defendant's particular circumstances from which the trial court could find, as required, that [the] defendant 'is or may be able' to pay the fees." *Id.* at 635 (emphasis added; footnote omitted).

Here, unlike in *Pendergrapht*, the record is not silent regarding defendant's ability to pay attorney fees— the record establishes that defendant was receiving disability income. Although the record provides nothing further regarding defendant's ability to pay, in light of the statutory language which provides that a court "may not sentence a defendant to pay costs * * * unless the defendant is or *may be able* to pay them," ORS 161.665(4) (emphasis

added), defendant's indication that he was receiving some income is sufficient. Accordingly, the trial court did not err in concluding that defendant "may be able" to pay $400 in attorney fees.

Affirmed.