Argued and submitted August 19, 2014, appeal dismissed February 4, petition for review denied May 14, 2015 (357 Or 299)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROGER WILLIAM SOTO,
*Defendant-Appellant.*

Linn County Circuit Court
10060954; A151123

343 P3d 666

Kali Montague, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jamie Contreras, Assistant Attorney-in-Charge, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeremy C. Rice, Assistant Attorney General.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

**TOOKEY, J.**

In this criminal case, defendant pleaded no contest to driving under the influence of intoxicants (DUII), a Class A misdemeanor, and entered into a diversion agreement. ORS 813.010(4); ORS 813.200; ORS 813.210; ORS 813.230. Because defendant could not afford to pay for the treatment required in diversion, the trial court eventually terminated the diversion agreement and entered the plea of no contest. ORS 813.255. The resulting judgment imposed fines and fees totaling $2,453.[1] Defendant appeals, arguing that, in light of his indigency, the court had discretion to waive the fines and fees and that it failed to exercise that discretion; he asks us to reverse and remand for the trial court to exercise its discretion under a proper understanding of the law. Although the state concedes that the trial court misunderstood the law with respect to two of the fees[2]—that is, it had discretion to waive those fees but did not exercise it—the state nonetheless contends that we lack jurisdiction over this appeal and, therefore, must dismiss it.[3] We agree that we lack jurisdiction; accordingly, we dismiss the appeal.

---

[1] The fines and fees were as follows: a county assessment of $66, *former* ORS 137.309(2)(f) (2009), *repealed by* Or Laws 2011, ch 597, § 118; a unitary assessment of $97, *former* ORS 137.290(1)(c) (2009), *repealed by* Or Laws 2011, ch 597, § 118; an offense surcharge of $35, Or Laws 2009, ch 659, § 2, *complied as a note after former* ORS 137.290 (2009); a state obligation fee of $255, ORS 813.030 (2011), *amended by* Or Laws 2011, ch 671, § 3; and a DUII fine of $2,000, ORS 813.010(6)(d).

[2] The state concedes that the court had discretion to waive the $66 county assessment, *former* ORS 137.309(2)(f) (2009), and the $255 state obligation fee, ORS 813.030 (2011).

[3] After defendant filed his opening brief, the state moved to dismiss the appeal for lack of jurisdiction. Ultimately, the Chief Judge concluded in an order that defendant's sixth assignment of error, in which defendant challenged the constitutionality of the $255 state obligation fee set forth in ORS 813.030 (2011) pointing to the *ex post facto* clauses of the Oregon and United States Constitutions, "does not raise a colorable claim of error under ORS 138.050(1)." He noted that the other five assignments of error "appear to present a colorable claim of error within the scope of ORS 138.050(1)." The Supreme Court denied defendant's petition for review of the order. *See* ORAP 7.55(4)(c) (Chief Judge's decision on a motion is subject to petition for review in the Supreme Court). In the remaining briefing on appeal, the parties reiterate their jurisdictional arguments, including those regarding defendant's sixth assignment of error. For the reasons expressed in the Chief Judge's order, we agree with the Chief Judge's conclusion that the sixth assignment of error does not raise a colorable claim of error under ORS 138.050(1). *See State v. Taylor*, 266 Or App 813, 340 P3d 68 (2014) (reaching the same conclusion on a similar argument). Accordingly, we do not discuss the sixth assignment of error further.

The parties agree that ORS 138.050(1) controls the appealability of a judgment, like the one at issue, convicting a defendant who pleaded guilty or no contest to a misdemeanor and imposing sentence. ORS 138.050(1) provides:

> "Except as otherwise provided in ORS 135.335, [(regarding conditional guilty pleas,)] a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:
>
> "(a) Exceeds the maximum allowable by law; or
>
> "(b) Is unconstitutionally cruel and unusual."

Under that provision, after a plea of guilty or no contest, a defendant may not challenge the *conviction*, whether it is for a misdemeanor or a felony. *State v. Clements*, 265 Or App 9, 21, 333 P3d 1177 (2014) (ORS 138.050(1) prohibits "a defendant's challenge to a conviction—as opposed to a sentence—when the defendant has pleaded guilty"). When a defendant who has pleaded to a misdemeanor appeals based on "something *other than* [a] challenge[] to a conviction," we have jurisdiction only if the defendant has made a colorable showing that the disposition "[e]xceeds the maximum allowable by law" or "[i]s unconstitutionally cruel and unusual." *State v. Davis*, 265 Or App 425, 432, 335 P3d 322 (2014) (citing *State v. Brewer*, 260 Or App 607, 609, 320 P3d 620, *rev den*, 355 Or 380 (2014)) (emphasis in *Davis*); ORS 138.050(1).

Here, the parties dispute whether defendant's first five assignments of error, in which he contends that the trial court erred in concluding that the statutes authorizing the fines and fees did not give the court discretion to waive the fines and fees, raise a colorable showing that the disposition "[e]xceeds the maximum allowable by law." ORS 138.050(1)(a). Defendant notes that, under our case law, a disposition exceeds the maximum allowable by law if it is "not imposed consistently with the statutory requirements," *State v. Anderson*, 113 Or App 416, 419, 833 P2d 321 (1992), and that we have applied that standard recently in cases where the defendants have challenged the trial court's imposition of attorney fees. *See State v. Pendergrapht*, 251 Or App 630, 631 n 2, 284 P3d 573 (2012) (the trial court's imposition

of attorney fees "exceeded the maximum allowed by law because the court lacked authority to impose attorney fees absent evidence that [the] defendant 'is or may be able' to pay the fees"); *State v. Eshaia*, 253 Or App 676, 678, 291 P3d 805 (2012) (same).

Defendant argues that the fines and fees here were not imposed consistently with the statutory requirements because, if "the trial court's purported exercise of discretion flows from a mistaken legal premise, the ruling does not fall within the range of legally correct choices." *See State v. Harrell / Wilson*, 353 Or 247, 254, 297 P3d 461 (2013) (explaining nature of discretion of trial court). Thus, defendant argues that the trial court's failure to exercise discretion granted to it by statute means that the fines and fees were not imposed consistently with statutory requirements and, accordingly, that the disposition exceeds the maximum allowable by law.

The state notes that defendant does not argue that the fines and fees "'exceed' anything: he admits that the court imposed fines [and fees] in exactly the amount authorized by the relevant statutes." The state distinguishes our recent cases regarding the imposition of attorney fees on the ground that, here, unlike in those cases, "defendant does not contend that anything *prohibited* the trial court in this case from imposing the [fines and] fees that it did." (Emphasis in original.)

The state has the better argument. Defendant is correct that, since 1992, we have interpreted "exceeds the maximum allowable by law" to mean "not imposed consistently with the statutory requirements."[4] *Anderson*, 113 Or App at 419; *see also, e.g., Eshaia*, 253 Or App at 678 (holding that a claim that trial court lacked authority to impose attorney fees in absence of evidence that defendant is or may

---

[4] The Supreme Court interpreted ORS 138.050(1)(a) in *State v. Cloutier*, 351 Or 68, 261 P3d 1234 (2011). After considering the text and context of the statute and its history, the court held that ORS 138.050(1)(a)'s "reference to a disposition that '[e]xceeds the maximum allowable by law' *** does not refer to a sentence that was imposed by means of procedures that violate the Due Process Clause of the federal constitution." *Cloutier*, 351 Or at 104. In this case, we need not consider the effect of *Cloutier* on our case law predating *Cloutier* that interprets ORS 138.050(1)(a) because, as we will explain, even under that case law, the argument that defendant raises here is not one that the disposition "[e]xceeds the maximum allowable by law."

be able to pay the fees is a claim that disposition exceeds maximum allowable by law and, therefore, is appealable under ORS 138.050(1)(a)); *Pendergrapht*, 251 Or App at 631 n 2 (same); *State v. Easton*, 204 Or App 1, 3-4, 126 P3d 1256, *rev den*, 340 Or 673 (2006) (holding that claim that trial court lacked authority to enter amended judgment after original sentence was executed, in order to correct error in original judgment and thus lengthen incarceration period, is a claim that disposition exceeds maximum allowable by law and, therefore, judgment is appealable); *State v. Stubbs*, 193 Or App 595, 606-07, 91 P3d 774 (2004) (same); *State v. Gray*, 113 Or App 552, 554, 833 P2d 341 (1992) ("the court was without authority to impose [a] compensatory fine" because the statutory requirements were not met; that disposition was appealable "because the unauthorized compensatory fine exceeds the maximum allowable by law" (internal quotation marks omitted)). However, we have not extended that principle to situations, like this one, where the defendant contends that a legal error—in this case, the trial court's erroneous understanding that it lacked discretion to waive the fines and fees—caused the trial court not to consider him or her for a discretionary sentence that is less than the maximum sentence that the trial court has authority to impose.

In *State v. Anderson*, 197 Or App 193, 104 P3d 1175, *rev den*, 338 Or 583 (2005), the defendant appealed from a judgment entered after she pleaded guilty to second-degree robbery, which carried a statutory minimum sentence under ORS 137.700. The trial court had sentenced the defendant to the statutory minimum sentence. The defendant argued that the trial court had erred in concluding that she did not qualify for an exception to the statutory minimum, which would have allowed the court to exercise its discretion to impose a shorter sentence. *Id.* at 195.

We concluded that we lacked jurisdiction under ORS 138.050(1)(a) and dismissed the appeal.[5] We explained

---

[5] In *Anderson*, we treated ORS 138.050(1) as the relevant appealability provision and ORS 138.222(4) the relevant reviewability provision. 197 Or App at 197. We have since recognized that *Anderson* has been "vitiated" as to its statement of which statutes apply. *Brewer*, 260 Or App at 613, 616 (accepting *Cloutier*'s "nutshell" conclusion that "'appeal and review of sentences imposed for felonies

that our cases holding that "[e]xceeds the maximum allowable by law" means "not imposed consistently with statutory requirements"

> "do not stand for the proposition that every error having an adverse effect on a disposition is appealable. They stand, at most, for the proposition that an erroneously imposed disposition (one 'imposed [in]consistently with the statutory requirements') is appealable *if the error might have caused a sentence that exceeds the maximum allowable by law.*"

*Anderson,* 197 Or App at 199 (insertion in *Anderson;* emphasis added). We had no jurisdiction over the defendant's appeal because, "if the trial court erred, that error deprived [the] defendant only of an opportunity to be considered for a subminimum sentence; it did not expose her to a sentence that exceeded the legal maximum." *Id.* at 199-200; *see also Easton,* 204 Or App at 5 n 1 (noting that, in *Anderson,* "there was no basis for concluding that the sentence [the defendant] received in any way exceeded 'the maximum allowable by law'").

Thus, *Anderson* forecloses the argument that defendant makes. In *Anderson,* we determined that any error that the trial court made in misapplying the statutory prerequisite to a discretionary downward departure sentence did not "expose [the defendant] to a sentence that exceeded the legal maximum," and, accordingly, ORS 138.050(1) did not allow the appeal. *Anderson,* 197 Or App at 199-200. Here, as in *Anderson,* it is undisputed that the trial court had authority to impose the sentence that it did. Defendant contends only that "the trial court misunderstood its authority to waive the fines and fees and, as a result, failed to exercise [its] discretion"; defendant does not contend that the court had any legal obligation to consider defendant's indigency before imposing sentence. Accordingly, any error by the trial court in failing to recognize that it had discretion to waive the fines and fees did not expose defendant to a sentence that exceeded the legal maximum. That is, the fines and fees imposed did not exceed "the maximum allowed by law." ORS

committed after November 1, 1989, are governed by ORS 138.222[;] ORS 138.040 and ORS 138.050 now apply only to appeal and review of sentences for misdemeanor offenses'" (quoting *Cloutier,* 351 Or at 91)). However, that does not affect *Anderson*'s holding with respect to the question before us.

138.050(1)(a). It follows that ORS 138.050(1) does not allow this appeal.

Our recent cases regarding imposition of attorney fees are not to the contrary. In *Pendergrapht*, the defendant contended that the trial court had imposed a sentence that exceeded the maximum allowable by law by requiring the defendant to pay attorney fees in the absence of evidence that, as required by statute, he "is or may be able to pay" the fees. ORS 151.505(3); 161.665(4); *Pendergrapht*, 251 Or App at 631. The state argued that we lacked jurisdiction under ORS 138.050(1). We explained that we had jurisdiction because the defendant raised a claim that "the trial court's imposition of attorney fees exceeded the maximum allowed by law because the court lacked authority to impose attorney fees absent evidence that [the] defendant 'is or may be able' to pay the fees." *Pendergrapht*, 251 Or App at 632 n 2. Thus, in *Pendergrapht*, the trial court's error exposed the defendant to a sentence that exceeded the "maximum" because, absent the statutorily required evidence, the trial court lacked authority to impose the attorney fees. *See also Eshaia*, 253 Or App 678 (citing *Pendergrapht* and applying the same reasoning). Here, by contrast, defendant does not contend that the trial court lacked authority to impose the fines and fees without considering his indigency. Rather, he argues only that the trial court had discretion to waive the fines and fees and that it failed to recognize that it had discretion to waive the fines and fees.

Because defendant does not raise a colorable claim that his disposition "[e]xceeds the maximum allowable by law," ORS 138.050(1)(a), we lack jurisdiction over his appeal.

Appeal dismissed.