Argued and submitted October 29, 2014, appeal dismissed March 4, petition for review denied July 9, 2015 (357 Or 550)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## GLORIA SUE JOHNSON,
*Defendant-Appellant.*

Josephine County Circuit Court
110651M; A153270

345 P3d 490

Sarah Laidlaw, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jamie K. Contreras, Assistant Attorney-in-Charge, argued the cause for respondent. With her on the brief were

Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant challenges the sentence imposed following her guilty plea and conviction for misdemeanor driving under the influence of intoxicants (DUII), ORS 813.010(4). She asks that we vacate her sentence and remand for resentencing. The state counters that we lack jurisdiction to hear defendant's appeal. For the reasons explained below, we agree with the state. We therefore dismiss defendant's appeal without reaching the merits of her argument as to the propriety of her sentence.

The relevant facts are procedural and are not in dispute. Defendant pleaded guilty to DUII and entered a diversion agreement under which she was required, among other things, to complete an alcohol evaluation and treatment program and to pay certain fees and fines in exchange for dismissal of her DUII charge. Defendant successfully completed nearly all of the requirements of the diversion agreement but paid a portion of her fees late, which resulted in her default under the agreement.

On the state's motion, the trial court held a hearing for defendant to show cause why the court should not terminate the diversion agreement. The state requested revocation of the diversion. Defendant objected to revocation and asked the court to grant her leniency because she had successfully completed the diversion agreement but for the single tardy payment and because she was indigent.

The court terminated the diversion agreement and entered a conviction based on defendant's earlier guilty plea. The court sentenced defendant to 24 months of bench probation with general and specific conditions, including an alcohol evaluation and, if recommended, participation in a treatment program. The court also imposed a $66 county assessment fee, a $130 state obligation, and a $1,000 DUII fine. The court found that defendant was indigent and therefore waived payment of court-appointed attorney fees. The trial court stated that it would have liked to waive the evaluation and the other payments but concluded that it lacked the discretionary authority to do so.

Defendant appeals, asserting that we have jurisdiction pursuant to ORS 138.050. On the merits, defendant argues that her sentence was unlawful because the trial court erroneously concluded that it lacked the discretion to waive certain aspects of that sentence. In fact, contends defendant, the relevant statutes grant the trial court the discretion to waive most aspects of a sentence, such as the one imposed here. Defendant points out that, in other contexts, a trial court commits reversible error when it fails to recognize—and, thus, exercise—its discretion to impose a lesser sentence, even when the sentence actually imposed is lawful. *See, e.g., State v. Pemberton*, 226 Or App 285, 288-89, 203 P3d 326 (2009) (reversing and remanding for resentencing on felony assault charges after holding that the trial court erred when it sentenced the defendant to 13 months in prison based on the mistaken belief that it was required to impose a sentence that exceeded 12 months); *State v. Arnold*, 214 Or App 201, 214-15, 164 P3d 334 (2007) (agreeing with the defendant that the trial court committed legal error when it concluded that ORS 137.712—which authorizes a trial court to impose a sentencing-guidelines sentence of less than the mandatory minimum required for, *inter alia*, second-degree robbery, a felony—did not apply to the defendant). Defendant does *not* argue that the particular terms of her sentence—*i.e.*, the amount of the fines and fees or the imposition of the evaluation and treatment requirement— are prohibited by the relevant statutes or exceed the legal maximum permitted by those statutes.

The state moved to dismiss for lack of jurisdiction, arguing that defendant's appeal did not come within the purview of ORS 138.050. As provided by ORS 138.050, in relevant part,

"(1)   * * * a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order * * * only when the defendant makes a colorable showing that the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual."

*See also State v. Cloutier*, 351 Or 68, 74, 261 P3d 1234 (2011) ("[T]he right to appeal is wholly statutory and an appellant

must establish that the decision from which the appeal is taken is appealable under some statutory provision."); *State v. Soto*, 268 Or App 822, 824, 343 P3d 666 (2015) (stating that, when a defendant who has pleaded guilty to a misdemeanor appeals based on something other than a challenge to a conviction, we have jurisdiction only if the defendant has made a colorable showing that the disposition exceeds the maximum allowable by law or is unconstitutionally cruel and unusual).

The Appellate Commissioner denied the state's motion. The commissioner concluded that defendant's claim of error constituted an argument that the trial court imposed a sentence that exceeds the maximum allowable by law and that, therefore, ORS 138.050 applied. To support that conclusion, the commissioner relied on *State v. Harrell / Wilson*, 353 Or 247, 254, 297 P3d 461 (2013), which the commissioner construed as holding that a "court's failure to recognize that it had discretion and to lawfully exercise that discretion falls outside the permissible range of legally correct outcomes."

In its answering brief, the state primarily argues that the commissioner's ruling was incorrect and reasserts that we must dismiss defendant's appeal for lack of jurisdiction. According to the state, defendant also failed to preserve her argument that the court lacked discretion to waive the alcohol evaluation and treatment requirement. On the merits, the state argues that the court lacked discretion to waive the $1,000 DUII fine but concedes that the court did have the discretion to waive the county assessment and state obligation. We do not reach the merits of the parties' dispute because we agree with the state that we lack jurisdiction over defendant's appeal. *See State v. Robinson*, 158 Or App 494, 500, 974 P2d 713 (1999) (dismissal required when there is no jurisdiction over an appeal).

We recently considered the same issue in *Soto*, which involved nearly identical facts and in which the defendant made, *inter alia*, the same argument on appeal as defendant does here. There, as here, it was "undisputed that the trial court had authority to impose the sentence that it did. Defendant contend[ed] only that the trial court

misunderstood its authority to waive the fines and fees and, as a result, failed to exercise [its] discretion." *Soto*, 268 Or App at 827 (second set of brackets in original; internal quotation marks omitted). We concluded that

> "any error by the trial court in failing to recognize that it had discretion to waive the fines and fees did not expose defendant to a sentence that exceeded the legal maximum. That is, the fines and fees imposed did not exceed 'the maximum allowed by law.' ORS 138.050(1)(a). It follows that ORS 138.050(1) does not allow this appeal."

*Soto*, 268 Or App at 827-28. We reach the same conclusion here.[1]

As summarized above, defendant does not argue that the court did not have the authority to impose the sentence that it did. Defendant merely argues that the court incorrectly rejected other possible, permissible, and more advantageous sentencing terms that were available. But the court's failure to recognize that it could have waived aspects of defendant's sentence has no bearing on whether the terms of the sentence that were in fact imposed exceed the sentence allowable by statute. The cases to which defendant cites, referenced above, are inapposite because they establish only that, in some circumstances, a trial court's failure to recognize its discretion can be reversible error. Those cases, however, do not establish that, by committing such error, a court exceeds the maximum sentence allowable by law under ORS 138.050(1). *See Cloutier*, 351 Or at 104 ("[T]he reference to a disposition that '[e]xceeds the maximum allowable by law' in ORS 138.050(1)(a) *** refers to a disposition that exceeds a maximum expressed by means of legislation[.]" (Second set of brackets in *Cloutier*.)). They are, thus, of no use to defendant. Because defendant does not raise a colorable claim that her disposition "[e]xceeds the maximum allowable by law," ORS 138.050(l)(a), we lack jurisdiction over her appeal.

Appeal dismissed.

---

[1] In so doing, we respectfully disagree with the commissioner's reliance on *Harrell*, which provides a general description of the bounds of judicial discretion, 353 Or at 254, but does not address appellate jurisdiction under ORS 138.050 after a defendant has pleaded guilty to a misdemeanor.