Submitted February 9, appeal dismissed May 11, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER A. JACQUEZ,
aka Christopher Aaron Jacquez,
*Defendant-Appellant.*

Malheur County Circuit Court
14061102C, 14071177C;
A157559 (Control), A157560

373 P3d 1277

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

**DEHOOG, J.**

In these consolidated cases, defendant appeals two judgments of conviction for the Class A misdemeanor of driving while suspended or revoked in violation of ORS 811.182(4). His license was suspended because he had refused to submit to a breath test in the course of an investigation for driving under the influence of intoxicants (DUII). *See* ORS 813.100(3) (providing for that penalty). Defendant entered a guilty plea in each case. On appeal, he assigns error to the trial court's imposition of fines at sentencing. The state argues that the trial court did not err in imposing those fines, but contends, as a preliminary matter, that, under ORS 138.050(1)(a), we lack jurisdiction to hear defendant's appeal. We agree with the state that defendant's sentences do not "[e]xceed[] the maximum allowable by law" under ORS 138.050(1)(a) and that, therefore, we do not have jurisdiction to hear defendant's appeal. Accordingly, we dismiss.

The relevant facts in this case are procedural and undisputed. The trial court sentenced defendant for both driving while suspended offenses in a single proceeding. The state asked the court to impose a $1,000 minimum fine in the first case and a $2,000 minimum fine in the second, based on its reading of ORS 811.182(5), which provides, in part:

"[I]f *** the underlying suspension resulted from driving while under the influence of intoxicants, the court shall impose a minimum fine of at least $1,000 if it is the person's first conviction for criminal driving while suspended or revoked and a minimum fine of at least $2,000 if it is the person's second or subsequent conviction."

Defendant objected to those fines. He argued that ORS 811.182(5) requires minimum fines only if the underlying suspension is the result of a DUII conviction and that, because his suspension had resulted from a refusal to submit to a breath test, the minimums did not apply.

The trial court agreed with the state that the minimum fines stated in ORS 811.182(5) applied to defendant's convictions. The court noted that the word "conviction" does

not appear in ORS 811.182(5) and that, by its terms, the statute applies when the underlying suspension "resulted from" DUII. The court also noted that a related provision, ORS 811.182(4)(c), which elevates the traffic violation of driving while suspended to a criminal offense, applies when a person's suspension resulted from a refusal to take a breath test, as the suspension did in defendant's case. Thus, the court imposed a $1,000 fine in the first case and a $2,000 fine in the second.

On appeal, defendant renews his argument that the trial court erred by imposing those minimum fines. The state responds that we do not have jurisdiction to hear defendant's appeal.[1] Because we agree with the state that we do not have jurisdiction to hear defendant's appeal, we do not reach defendant's argument on the merits.

In support of its jurisdictional argument, the state cites ORS 138.050(1)(a), which governs the appeal of a misdemeanor conviction following a guilty plea. *See State v. Soto*, 268 Or App 822, 824, 343 P3d 666, *rev den*, 357 Or 299 (2015). ORS 138.050 provides, in relevant part:

> "(1) Except as otherwise provided in ORS 135.335 [types of pleas], a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 [judgments and orders subject to appeal] only when the defendant makes a colorable showing that the disposition:
>
> "(a) Exceeds the maximum allowable by law; or
>
> "(b) Is unconstitutionally cruel and unusual."

The state asserts that, regardless of whether the trial court properly construed ORS 811.182(5), defendant's sentences do not exceed the maximum allowable by law. That is so, in the state's view, because ORS 161.635(1)(a) authorizes a fine of up to $6,250 for each Class A misdemeanor conviction. Thus, the state submits that ORS 138.050(1)(a) does not provide this court with jurisdiction to hear defendant's challenge to his fines, neither of which exceeds $6,250.

---

[1] The state filed a motion to dismiss for lack of jurisdiction. The Appellate Commissioner denied that motion and relied on *State v. Anderson*, 113 Or App 416, 420, 833 P2d 321 (1992), in support of his decision. The state renewed its jurisdictional argument in its answering brief.

Defendant agrees that ORS 138.050(1)(a) governs this appeal, but disputes the state's interpretation of that provision.[2] Defendant contends that we have jurisdiction to hear his case, because ORS 811.182(5) authorizes the court to impose a fine for driving while suspended only if the underlying suspension resulted from a DUII conviction. Thus, defendant asserts that his sentences exceed the maximum allowable by law within the meaning of ORS 138.050(1)(a), because the trial court imposed them inconsistently with the requirements of ORS 811.182(5). That is, because the trial court did not make the predicate finding that ORS 811.182(5) requires—that his suspension resulted from a DUII conviction—before imposing fines under that provision, the imposition of *any* fines exceeded the maximum allowable by law. Defendant contends that, because the court acted under ORS 811.182(5), it is immaterial that ORS 161.635(1)(a) authorizes fines higher than the $1,000 and $2,000 that the trial court ordered him to pay; in defendant's view, what matters for jurisdictional purposes under ORS 138.050(1)(a) is that the court imposed the fines inconsistently with the statute authorizing them.

The parties correctly acknowledge that ORS 138.050 (1)(a) determines whether we have jurisdiction over defendant's appeal. *See Soto*, 268 Or at 824. Although defendant assigns error to the trial court's imposition of sentences that, according to defendant, the court lacked authority to impose, we must determine whether, in fact, his appeal makes a colorable showing that "the disposition[s] *** [e]xceed[] the maximum allowable by law" within the meaning of ORS 138.050(1)(a). *See id.*

In *State v. Cloutier*, 351 Or 68, 76-105, 261 P3d 1243 (2011), the Supreme Court examined the text, context, and legislative history of ORS 138.050(1)(a). In that case, the defendant had entered a plea of no contest to DUII and entered a diversion program. *Id.* at 70. When the defendant failed to complete that program, the trial court terminated diversion, entered a judgment of conviction, and imposed a

---

[2] Defendant does not substantively address jurisdiction in his opening brief. Thus, we take defendant's arguments from his response to the state's motion to dismiss for lack of jurisdiction.

sentence that included a fine of $1,100. *Id.* The minimum fine for the defendant's DUII conviction was $1,000, but, as a Class A misdemeanor, the conviction carried a maximum fine of $6,250. *Id.* (citing ORS 813.010(6)(a) (minimum fine for first DUII conviction); ORS 161.635(1)(a) (maximum fine for Class A misdemeanors)). The court explained that it imposed a fine greater than the mandatory minimum because the defendant had entered a no contest plea at the time of diversion. *Id.*

On appeal, the defendant asserted that, even though the increased fine fell within the permitted statutory range, it was nonetheless excessive, because the trial court had imposed it only as a result of the defendant's decision to exercise his statutory right to plead no contest. *Id.* at 70-71. He argued that there was appellate jurisdiction under ORS 138.050(1)(a) to hear the case, because the trial court failed to impose the sentence consistently with statutory requirements, which, the defendant contended, caused it to exceed the maximum allowable by law. *Id.* at 71. The Supreme Court rejected that contention. *Id.* at 104-05. The court held that a sentence exceeds the maximum allowable by law only when the disposition "exceeds a maximum expressed by means of legislation," regardless of any errors that the trial court may have committed during the sentencing process. *Id.* at 104.

Thus, ORS 138.050(1)(a) does not provide us with jurisdiction to hear an appeal simply because the trial court misunderstood or misapplied applicable law when imposing a sentence. Rather, ORS 138.050(1)(a) provides an appellate court with jurisdiction to hear an appeal following a guilty plea only if the resulting sentence exceeds the sentencing court's statutory authority. *See Cloutier*, 351 Or at 104-05 (claim that trial court procedures in imposing fine violated the defendant's federal due process rights did not establish appellate jurisdiction because sentence imposed did not exceed "a maximum expressed by means of legislation"); *State v. Johnson*, 269 Or App 497, 502, 345 P3d 490, *rev den*, 357 Or 550 (2015) (Court of Appeals lacked jurisdiction because trial court's failure to recognize discretion to waive fees did not result in a sentence not authorized by statute);

*Soto*, 268 Or App at 828 (same); *cf. State v. Anderson*, 113 Or App 416, 420, 833 P2d 321 (1992) (finding appellate jurisdiction because trial court's award of restitution without statutorily required findings meant sentence exceeded the maximum allowable by law).

*Soto* makes clear that the scope of ORS 138.050(1)(a) is narrow. *See* 268 Or App at 824-25. In that case, the defendant had entered a no contest plea to DUII and entered into diversion, but the trial court ultimately terminated diversion because the defendant did not complete the required treatment. *Id.* at 823. At sentencing, the court concluded that it did not have discretion to waive any fines or fees and imposed what it deemed mandatory fines and fees of $2,453. *Id.* The defendant appealed, arguing that the court had erred in concluding it lacked discretion to waive the fines and fees. *Id.* at 823-25. The state conceded that the trial court had misunderstood its authority under the law, but nonetheless argued that this court lacked jurisdiction to hear the defendant's appeal under ORS 138.050(1)(a). *Id.* at 823. The defendant responded that, because the trial court's imposition of fines and fees had resulted from a mistaken legal premise, his sentence exceeded the maximum allowable by law, providing this court with jurisdiction under ORS 138.050(1)(a) to hear his appeal. *Id.* at 825. We rejected that argument and reasoned that, while the trial court may have erroneously believed that it lacked the discretion to waive the defendant's fines and fees, the fines and fees that it did impose did not exceed the maximum allowable by law, because they fell below the statutorily authorized maximum. *Id.* at 825.

Defendant attempts to distinguish his case from *Soto* by characterizing his appeal as a challenge to the trial court's statutory authority to impose fines under ORS 811.182(5). He points out that, in *Soto*, the defendant argued simply that the trial court had failed to exercise its discretion to decrease the fines at issue. *See* 268 Or App at 825. He argues that, here, in contrast, he is not challenging an exercise of discretion. Instead, his argument is that the trial court exceeded its authority to impose the fines it did because the court failed to first find that defendant's

suspension had resulted from a DUII conviction, which the court was required to do before imposing fines under ORS 811.182(5). Thus, defendant argues that his case is more like *Anderson*, which, in his view, stands for the proposition that a fine exceeds the legal maximum when it is imposed inconsistently with the statute authorizing that fine. *See* 113 Or App at 420.

In *Anderson*, the defendant entered a plea of guilty to DUII. *Id.* at 418. The trial court suspended imposition of sentence and, as a condition of probation, required the defendant to pay $200 in restitution. *Id.* The defendant objected to the award of restitution and argued that there was insufficient evidence to support it. *Id.* On appeal, we considered whether we had jurisdiction under ORS 138.050(1)(a). *Id.* at 418. We reasoned that, because he had not admitted, and the state had not proved, any basis for the monetary award, it exceeded the maximum legal sentence. *Id.* at 420. That was because, before imposing restitution over a defendant's objection, ORS 137.106 required the trial court to allow the defendant to be heard on that issue at the time of sentencing.[3] *Id.* The trial court had not followed that mandatory process, so the resulting sentence exceeded the maximum allowable by law. *Id.*

Defendant's reliance on *Anderson* is misplaced. In *Anderson*, the trial court acted pursuant to a statute, ORS 137.106, that required the court to follow certain procedures before imposing restitution. *Id.* at 420. Specifically, the "trial court [could] order restitution only for monetary damages caused by a defendant's criminal activity that [wa]s either proven or which he admit[ted]." *Id.* Because the defendant's argument was that the trial court had not followed the procedures that the statute it acted under specifically required, we had jurisdiction to hear his appeal. *Id.*

Here, in contrast, the trial court's authority to impose fines did not come from ORS 811.182(5), which is the statute that the court ostensibly misconstrued in imposing defendant's fines. Instead, the court's sentencing authority

---

[3] ORS 137.106 has since been amended and renumbered in a manner that does not affect our analysis.

came from ORS 161.635(1)(a), which gives courts authority to impose fines for Class A misdemeanors, such as the driving while suspended convictions at issue here.[4] Defendant's jurisdictional argument proceeds from the mistaken premise that the court imposed each fine by authority of ORS 811.182(5). It did not. That provision requires the court to impose minimum fines in certain cases, but it does not establish the court's underlying authority to impose fines; that authority comes from ORS 161.635(1)(a). Because ORS 161.635(1)(a) does not require the court to make any findings or follow any particular procedures before imposing a fine—and, because the trial court necessarily acted under authority of that statute, not ORS 811.182(5), as defendant suggests—defendant's appeal fails to make a colorable showing that the fines imposed exceeded the maximum allowable by law. *Compare Cloutier*, 351 Or at 104-05 (trial court errors did not mean sentence exceeded the maximum allowable by law), *with State v. Pendergrapht*, 251 Or App 630, 631-32 & n 2, 284 P3d 573 (2012) (finding appellate jurisdiction where statutory provisions required a finding of ability to pay prior to imposition of attorneys fees; absent that finding, fees exceeded the maximum allowable by law).

In this case, even assuming that ORS 811.182(5) contemplates a predicate finding that the trial court did not make—namely, that defendant's license suspension resulted from a DUII conviction—and that the court, therefore, incorrectly concluded that it was required to impose minimum fines, that misunderstanding would not give us jurisdiction to hear defendant's appeal. That is because ORS 161.635(1)(a), the statute that authorized the court to impose any fines for defendant's driving while suspended convictions, allowed the court to impose fines of up to $6,250 for each conviction without additional procedures or findings. Thus, as in *Soto*, even if the trial court did have authority to impose fines lower than the minimums set forth in ORS 811.182(5) and failed to recognize that it had that authority, defendant's sentences did not exceed the maximum allowable by law

---

[4] ORS 161.035(2) makes that provision of the criminal code applicable to the traffic offenses for which defendant was convicted. While the parties dispute the significance of ORS 161.635(1)(a) to our jurisdiction, they do not dispute that that statute authorizes a fine of up to $6,250 for each of defendant's convictions.

within the meaning of ORS 138.050(1)(a). *See* 268 Or App at 828.

In sum, we agree with the state that we lack jurisdiction under ORS 138.050(1)(a) to consider defendant's appeal, because the $1,000 and $2,000 fines imposed did not "[e]xceed[]  the maximum allowable by law." Accordingly, we dismiss the appeal and do not address the parties' remaining arguments on the merits.

Appeal dismissed.