Submitted October 27, appeal dismissed December 7, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KAREN LEE SERCUS,
*Defendent-Appellant.*

Douglas County Circuit Court
14CR1554MI; A159873

385 P3d 1282

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

## ARMSTRONG, P. J.

Defendant was convicted, based on a no contest plea, of one count of failure to perform the duties of a driver, ORS 811.700, after she hit the victim's parked car when pulling out of a motel parking lot. Among other things, the court imposed $614 in restitution for the conviction. At the restitution hearing, the trial court sustained the prosecutor's hearsay objection to defendant's testimony that the motel manager "didn't see any damage" to the victim's car. On appeal, defendant contends that the court erred in excluding that testimony, because the hearsay rule does not apply in restitution hearings, and, therefore, the court also erred in imposing restitution. She asks us to vacate the restitution award and remand for resentencing. The state responds that we lack jurisdiction under ORS 138.050(1)(a) to consider defendant's claim of error. The state is correct; accordingly, we dismiss defendant's appeal. *See State v. Cloutier*, 351 Or 68, 74, 261 P3d 1234 (2011) ("[T]he right to appeal is wholly statutory and an appellant must establish that the decision from which the appeal is taken is appealable under some statutory provision." (Internal quotation marks omitted.)).

Both parties agree that ORS 138.050(1)(a) governs whether we have jurisdiction over defendant's appeal. *State v. Davis*, 265 Or App 425, 432, 335 P3d 322 (2014), *rev den*, 356 Or 837 (2015) ("When the appeal is from a judgment based on a plea to a misdemeanor, jurisdiction lies, if at all, under ORS 138.050(1) ***.").[1] That statute provides, in part:

> "Except as otherwise provided in ORS 135.335 [involving conditional guilty pleas], a defendant who has pleaded guilty or no contest *may take an appeal* from a judgment or order described in ORS 138.053 *only when the defendant makes a colorable showing that the disposition:*
>
> "*(a) Exceeds the maximum allowable by law*[.]"

ORS 138.050(1) (emphases added). A disposition exceeds the maximum allowable by law under ORS 138.050(1)(a) only

---

[1] As part of the plea agreement in this case, the district attorney agreed to treat the offense, a misdemeanor, as a violation. Neither party contends that that circumstance alters the jurisdictional analysis, nor, given the procedural posture of the case, do we see any reason why it would.

when it "exceeds a maximum expressed by means of legislation," even if the trial court otherwise erred during the sentencing process. *Cloutier*, 351 Or at 104; *State v. Jacquez*, 278 Or App 313, 318, 373 P3d 1277 (2016). Thus, as we recently explained in *Jacquez*,

> "ORS 138.050(1)(a) does not provide us with jurisdiction to hear an appeal simply because the trial court misunderstood or misapplied applicable law when imposing a sentence. Rather, ORS 138.050(1)(a) provides an appellate court with jurisdiction to hear an appeal following a guilty plea only if the resulting sentence exceeds the sentencing court's statutory authority."

278 Or App at 318 (citing *Cloutier*, 351 Or at 104-05); *see also State v. Johnson*, 269 Or App 497, 501-02, 345 P3d 490, *rev den*, 357 Or 550 (2015) (ORS 138.050(1)(a) did not provide a basis for jurisdiction because trial court's alleged failure to recognize discretion to waive fees did not result in sentence not authorized by statute). Here, the court awarded restitution based on evidence presented at the restitution hearing. *See* ORS 137.106(1)(a) ("If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court."). Thus, as in *Jacquez* and *Johnson*, the sentence was authorized by statute, and defendant's appeal fails to make a colorable showing that the trial court's award of restitution exceeds the maximum allowable by law. *Cf. State v. Anderson*, 113 Or App 416, 420, 833 P2d 321 (1992) (finding jurisdiction under ORS 138.050(1)(a) where defendant had not admitted, and the state had not proved, any basis for restitution, and, therefore, restitution award exceeded maximum allowable by law).

Citing *State v. Biles*, 287 Or 63, 67-68, 597 P2d 808 (1979), for the proposition that we have jurisdiction under ORS 138.050 over "procedural errors that implicate [an] appellate court's scope of review under ORS 138.050," defendant suggests that we "must be able to review the evidence for (and against) restitution" in order to perform our duties under ORS 138.050 to determine whether a restitution

award "[e]xceeds the maximum allowable by law." That argument is foreclosed by more recent Supreme Court decisions. In *State v. Loyer*, 303 Or 612, 740 P2d 177 (1987), the defendant, who was sentenced as a dangerous offender after pleading guilty to two felonies, contended that the trial court had erred in failing to reset the sentencing hearing and to direct the psychiatrist, whose report had been admitted but who had failed to appear at the hearing, to appear so that defendant would have an opportunity to examine the witness. *Id.* at 614-15. The Supreme Court, observing that the scope of appellate review[2] under ORS 138.050[3] had "narrow[ed] considerably" since *Biles* was decided, *id.* at 616, concluded that the defendant's claim of procedural error in sentencing—specifically, the failure to allow him to examine the reporting psychiatrist—was "beyond [the court's] limited scope of review," even though it was "conceivable" that the error "might have [had] the effect of omitting some evidence advantageous to defendant," *id.* at 617. The problem, according to the court, was that the defendant made "no claim that—and how—the procedural flaw prevent[ed] the court] from determining upon appellate review whether the sentence 'exceeds the maximum sentence allowable by law.'" *Id.* Defendant's argument here is materially indistinguishable from the one that the Supreme Court rejected in *Loyer*. And, although ORS 138.050 has been amended several times since *Loyer* was decided, *see Cloutier*, 351 Or at 94 n 2 (describing amendments since 1989), the Supreme

---

[2] As the court later noted in *Cloutier*, the *Loyer* court's description of ORS 138.050 (1985) as a statute that limits the "scope of review" of appellate courts "was not precisely correct, as that statute sets out the types of judgments that may be *appealed*." *Cloutier*, 351 Or at 89 n 1 (emphasis in original). However, the court did not understand that inaccurate phrasing to "have made a difference in the reasoning of the [*Loyer*] court's analysis of the statute." *Id.*

[3] At the time of both *Biles* (construing the 1977 version of the statute) and *Loyer* (construing the 1985 version), ORS 138.050 governed appeal and review of both misdemeanor and felony sentences following a guilty or no contest plea. Now, however, ORS 138.050 applies only to the appeal and review of sentences for misdemeanor offenses, and ORS 138.222 governs the appeal and review of sentences imposed for felonies committed after November 1, 1989. *See Cloutier*, 351 Or at 90-91 (so stating); *State v. Brewer*, 260 Or App 607, 613, 616, 320 P3d 620, *rev den*, 355 Or 380 (2014) (accepting as correct *Cloutier*'s "nutshell" conclusion that appeal and review of sentences imposed for felonies committed after November 1, 1989, are governed by ORS 138.222 and ORS 138.040 and ORS 138.050 now apply only to appeal and review of sentences for misdemeanor offenses).

Court reiterated *Loyer*'s analysis in *Cloutier*. *Id.* at 89-90. Accordingly, we reject defendant's argument that we have jurisdiction under ORS 138.050 because of an asserted "procedural error" that implicates our ability to determine whether the sentence exceeds the maximum allowable by law.

Appeal dismissed.